## SCHOOL DISTRICT NO. 13 IN ST. JOHNSBURY

v.

## IRA G. SMITH.

MAY TERM, 1895.

*School District. Warning for annual meeting. Officer de facto. Treasurer.*

1. The warning for an annual school meeting must specify the business to be transacted, although fixed by statute, and the election of a treasurer at such meeting without an article in the warning therefor is void.

2. So long as an officer *de jure* is in possession of the office there can be no such thing as an officer *de facto*.

3. A school district cannot maintain an action against its legally acting treasurer for its funds in his hands.

Assumpsit. Plea, the general issue. Trial by court at the June term, 1894, Caledonia county, TYLER, J., presiding. Upon the facts found the court gave judgment for the plaintiff. The defendant excepts.

*W. P. Stafford* for the defendant.

*Harry Blodgett* for the plaintiff.

The warning need not specify the business, since the time of holding the meeting and the business to be done was fixed by statute. *Greenbanks* v. *Boutwell*, 43 Vt. 220;

*Chandler* v. *Bradish*, 23 Vt. 416; *Mason* v. *School District*, 20 Vt. 487; *Schaff* v. *Bloomfield*, 8 Vt. 472; *Warner* v. *Mower et al.*, 11 Vt. 385.

Huse was the treasurer *de facto*.    *Thurston* v. *Est. of Holbrook*, 31 Vt., 354; *Danville* v. *Railroad*, 43 Vt. 153; *Mount Holly* v. *Bushwell*, 45 Vt. 361; *Richardson* v. *Railroad*, 44 Vt. 613; *Scott* v. *School District*, 67 Vt. 160.

ROWELL, J.   If Huse was not legally elected treasurer of the district, the defendant's term of office as such treasurer had not expired when suit was brought, for by statute, his term continued until his successor was chosen.

The warning for the annual meeting of 1893, at which Huse was in form, at least, elected, contained no article for the election of officers except for the election of moderator. It is claimed that no such article was necessary, inasmuch as the statute requires annual school meetings to be held on the last Tuesday of March, and the election of officers at every such meeting.   The statute requires that notices of school district meetings shall "specify the time and place of holding the same and the business to be transacted or questions to be considered" thereat, and makes no distinction in this regard between annual meetings and special meetings. As this is a matter governed wholly by statute, there is little room for discussion outside; but we are referred to several cases as authority for holding that no such article was necessary, but they are not such authority.   We will mention two of them.   In *Warner* v. *Mower*, 11 Vt. 385, the validity of an annual meeting of a private corporation was called in question, concerning which the court said that it is the law of such corporations that when the meeting is stated and general, no notice is required of the time and place of holding it nor of the business to be transacted.   But this doctrine has no application to annual meetings of municipal corporations when the statute expressly provides how they shall be notified.

In *Schoff* v. *Bloomfield*, 8 Vt. 472, it was held, it is true, that a town at its annual March meeting, or at an adjourned term thereof, might transact business within the scope of its corporate interest whether the subject of the meeting was mentioned in the warning or not. But at that time the statute of 1797 was in force, which did not require that the business to be done and the subjects to be considered should be set forth in warnings for annual town meetings, but only in warnings for special town meetings, and it was not till 1839, that the requirement was extended to warnings for annual meetings; and the case was put expressly upon the ground of such non-requirement.

Huse was not, therefore, legally elected. But it is said that he was treasurer *de facto*. But the defendant was in actual possession of the office; and an officer *de jure* and an officer *de facto* cannot both be in possession of the same office at the same time. *Boardman* v. *Halliday*, 10 Paige, 223, 232; 5 Am. & Eng. Ency. of Law, 105.

The defendant being treasurer, his duties as such are declared by statute to be like those of town treasurers, and their duties are, by statute, among other things, to keep an account of moneys paid to them and paid out by them for the town; to pay orders drawn on them by certain other officers; to pay over to their successors the funds of the town in their hands when their office expires, if not re-elected, in default of which, for a month, they incur a penalty; and a balance due the town from them on going out of office, if not paid on demand to their successor, may be recovered in an action for money had and received.

Although the defendant is, in a sense, the agent of the district, yet he is its agent under, and according to, the statute, from which he derives his official authority, and by virtue of which he is the legal depositary and custodian of the money as between him and the district for the uses and purposes therein named, and therefore the district cannot, in

this way, draw it from his hands, and besides, if it could, it would thereby, virtually, deprive him of his office, which it cannot do thus indirectly, any more than it could supersede its prudential committee, or control him in the performance of his statutory duty, which it certainly could not do, as has often been held.

*Judgment reversed and judgment for the defendant.*