ROBERT DELWORTH v. FRANK KENESON.

October Term, 1920.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed February 5, 1921.

### Trespass—Title Question for Jury.

In an action to recover damages for cutting and removing sugar maples from a part of plaintiff's farm, *held*, that in view of the evidence, the trial court did not err in submitting to the jury the question whether maple trees standing on another part of the farm and those on the part involved, separated by a sixty-rod strip owned by another party, constituted a single sugar orchard or two orchards.

ACTION OF TORT to recover for cutting and removing certain maple trees from a part of plaintiff's farm. Plea, the general issue. Trial by jury at the April Term, 1920, Essex County, *Butler, J.*, presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Porter, Witters & Longmoore* for the defendant.

*Searles & Graves* for the plaintiff.

SLACK, J. The action is tort to recover damages for cutting and removing sugar maples from that part of the plaintiff's farm called the "ox pasture." The plaintiff acquired title to this farm from one Pepin, who acquired title from Harris and Bray by deed of warranty dated December 18, 1914. This deed contained the following provision: "The grantors expressly reserve and except from the above mentioned conveyances all the lumber and pulpwood above six (6) inches on the stump and all the wood on the farm both hard and soft with the exception of a sugar orchard consisting of about five hundred (500) to six hundred (600) trees which said sugar orchard is not reserved by the grantors." This provision was later modified in particulars not

here material. As modified, it is, by reference, made a part of the plaintiff's deed from Pepin.

The plaintiff's farm is made up of what was formerly two farms, known, respectively, as the "Parker farm" and the "Woodward farm," the title to both having been merged in a common owner more than fifty years ago. Since then, these farms have been operated as one farm, known as the "Parker farm." The territory comprising each is hereinafter referred to, however, as formerly designated. Between these two farms there is a strip of land about sixty rods wide owned by another party. The Parker farm lies immediately north of this strip and the Woodward farm lies immediately south of it. The farm buildings, except the sugar house, are on the Parker farm. A public highway extends across the three tracts of land mentioned, and, commencing at a point near the buildings, follows a southerly course to and across the sixty-rod strip and thence across the Woodward farm. In the south part of the Parker farm, near the buildings, and extending nearly, or quite, to the sixty-rod strip are about three hundred and sixty sugar maples. The ox pasture is on the Woodward farm immediately south of the sixty-rod strip and west of the highway. The plaintiff's evidence tended to show that there were formerly one hundred and thirty-four sugar maples on the north part of this pasture. The defendant's evidence tended to show a less number. These trees are the ones in dispute. Soon after the owner of the Parker farm acquired title to the Woodward farm he purchased from the owner of the sixty-rod strip about one-fourth acre of land on the east side of the highway and about midway between the north and south bounds of said strip, and there erected a sugar house. Ever afterwards until the trees in the ox pasture were cut, the trees located in the places indicated were used for a sugar orchard, all of the sap being hauled to the aforementioned sugar house, where it was made into sugar.

Besides the maples already mentioned, there were formerly several hundred maples on the northeast part of the Parker farm and a large number on the southeast part of the Woodward farm. Many of the trees in these latter groups had been tapped at different times by the owner of the two farms, but they were quite a distance from the sugar house and were not as accessible for a sugar orchard as the trees on the south part of the Parker farm and those in the ox pasture. While Harris and Bray owned the

farm they cut the trees on the southeast part of the Woodward farm and all except two or three hundred on the northeast part. of the Parker farm.

The plaintiff claimed on the trial below, and his evidence tended to show, that the sugar orchard described in the deed' from Harris and Bray to Pepin included the trees on the south part of the Parker farm' and those in the ox pasture, and that they constituted a single sugar orchard, although in his cross-examination he spoke of them as two sugar places, and some of his witnesses testified, in substance, that the sugar house was located between the two sugar places. The defendant's evidence tended to show that there were more maples left on the Parker farm, including those on the south part and those on the northeast part, than the deed from Harris and Bray to Pepin called for, and he claimed that those were the trees covered by that deed and claimed that he owned the trees in the ox pasture under a contract with Harris and Bray made subsequent to their deed to Pepin. He was permitted to testify that the term "sugar orchard," among the common speech of people in the vicinity of this farm, meant, "A collection of sugar maples suitable to tap, on one man's land, not divided by other property." He testified in cross-examination, however, that the trees on the south part of the Parker farm and those in the ox pasture would constitute a single orchard except for the fact that the sixty-rod strip was owned by another party. He introduced other evidence to show that these two groups were called and considered two separate orchards. Hé also introduced evidence tending to show that before the deed from Harris and Bray to Pepin was executed, the sugar orchard described therein was pointed out to Pepin by Harris and that as pointed out it was all located on the Parker farm. This was denied by the plaintiff.

The defendant did not move for a directed verdict, but excepted to the charge of the court in submitting to the jury the question whether the trees standing on the south part of the Parker farm and those in the ox pasture constituted a single orchard or two orchards, claiming that all the evidence tended to show that they constituted two orchards. The exception is without merit. While, as we already have seen, the plaintiff, and some of his witnesses, spoke of the two groups of trees as two sugar. places, it is apparent that they did not use this language in the sense claimed by the defendant. The plaintiff stoutly denied

that claim throughout the trial. Moreover, the location of these two groups of trees with reference to each other and with reference to the buildings on the farm, and especially the sugar house, their accessibility, and the fact that they had been operated as a single orchard by the plaintiff's predecesors in title for at least forty years, were facts tending to show that they constitued one orchard, only, and clearly made a case for the jury.

This is the only exception briefed, and therefore, the only one considered.

*Judgment affirmed.*