STATE EX REL. CHARLES TURRILL *v.* MITCHELL W. HINSDALE.
STATE EX REL. LAWRENCE WELLINGER *v.* GEORGE F. PEET.

November Term, 1920.

Present:   WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed February 11, 1921.

*Towns—Annual Meeting—Right to Vote not Affected by Check List not Required by Law—Quo Warranto—Writ not Issued for Insignificant Purpose.*

1.   In towns where a check list of the persons qualified to vote at the annual meeting is not required by G. L. 89, all questions arising as to the right to vote are to be determined by the board of civil authority at such meeting, and cannot be decided by the selectmen at all, nor by the board before the meeting.

2.   A check list of the persons qualified to vote at the annual town meeting of a town of less than one hundred and fifty inhabitants, not petitioned for as required by G. L. 89, prepared by the selectmen and revised by the board of civil authority was invalid, and without force as to the right of a person to vote.

3. Where, at the time petitions for writs of *quo warranto* were submitted, less than three and a half months of the terms of the officers involved remained, the purpose to be accomplished was too insignificant to justify interference by the prerogative writ invoked, which rests in the discretion of the Court.

· PETITIONS for writs of *quo warranto* by the State, on the relation of Charles Turrill, against Mitchell W. Hinsdale, and by the State, on the relation of Lawrence Wellinger, against George F. Peet, brought to the Supreme Court for the County of Chittenden at its May Term, 1920, and heard at its November Term, 1920, on the pleadings and on testimony taken and filed. The opinion states the case.

*Charles F. Black* for the petitioners.

*Theo. Hopkins* and *M. G. Leary* for the respondents.

WATSON, C. J.  [1, 2]  The town of St. George has less than one hundred and fifty inhabitants, and no claim is made that the selectmen were petitioned in writing by twenty or more voters at least thirty days before the annual town meeting in 1920, nor in fact at all by any number of voters, to make a check list of the persons qualified to vote at such meeting. See G. L. 89. The fact that the selectmen of the town had been accustomed for some years on their own motion to make a check list, did not give legal force to the ones in question. The qualifications essential to the right to vote in town meeting are prescribed by statute (G. L. 3916) ; and in towns where a check list is not required by section 89, all questions arising as to the right to vote are to be determined by the board of civil authority at such meeting. They are not to be decided by the selectmen at all, and cannot be previously decided by the board of civil authority. In such circumstances neither the power of that board, nor the right of the voter, was changed by the act requiring check lists in towns where the inhabitants exceed a certain number, or are called for by petition of the requisite number of voters. *State* v. *O'Hearn,* 58 Vt. 718, 6 Atl. 606. See *Martin* v. *Fullam,* 90 Vt. 163, 97 Atl. 442. It follows that neither the check list as made by the selectmen nor as revised by the board of civil authority, was valid, and each was without force as to the right of a person to vote.

[3]   The foregoing is as far as we are inclined to go in considering the matters presented.   Since these proceedings rest in the discretion of the Court, and there being, at the time the cases were submitted on briefs, less than three and a half months before the offices of moderator and town clerk would expire, the purpose to be accomplished is too insignificant to justify interference by the prerogative writ invoked.   *State* v. *Fisher*, 28 Vt. 714; *State* v. *McGeary*, 69 Vt. 461, 38 Atl. 165, 44 L. R. A. 446.

*Let each petition be dismissed.*