STATE EX REL. HARRY M. PERKINS *v.* JOHN EDWARDS.

Special Term at Montpelier, August, 1925.

Present: WATSON, C. J., POWERS, TAYLOR, and SLACK, JJ.

Opinion filed September 18, 1925.

*Officers—Office of Postmistress—School Director—Incompatible Offices—Necessity of Abandoning Incompatible Federal Office to Qualify for State Office—Construction of Revision of Constitution, Ch. II, § 50—Resignation of Unqualified School Director Not Effective to Create Vacancy—Quo Warranto—Exercise of Discretion in Refusing Petition.*

1. Office of postmistress is an office of profit and trust under authority of Congress.

2. Office of school director requires performances of duties both executive and judicial in character, and falls within provision of Constitution, Ch. II, § 50, making ineligible to such office person holding office of profit or trust under authority of Congress.

3. Election of postmistress to office of school director did not render her election invalid under Constitution, Ch. II, § 50, but she could not hold and exercise latter office unless she abandoned office of postmistress.

4. Changes made by Justices of the Supreme Court when revising Constitution, in phraseology of Ch. II, § 50, making holder of office of profit or trust under authority of Congress ineligible to any State office, *held* not to change prior provision.

1

5. Where postmistress was elected to office of school director, but did not abandon former office, and was thereby disqualified to be school director under Constitution, Ch. II, § 50, she could not by resigning create a vacancy which selectmen had power to fill by appointment, and under G. L. 1189 the term of prior incumbent continued until his successor was elected and qualified.

6. Facts *held* not to warrant refusal by Supreme Court, as matter of discretion, of prayer of petition for *quo warranto.*

Petition for a writ of *quo warranto* brought to the Supreme Court for Caledonia County, and heard at a Special Term thereof at Montpelier in August, 1925, on the pleadings and testimony taken. The opinion states the case. *Judgment for complainant.*

*Dutton & Morse* for relator.

*James B. Campbell* and *Shields & Conant* for the respondent.

WATSON, C. J. This action *of quo warranto* is brought in the name of the State by the relator Harry M. Perkins, to test the validity of John Edwards' title to the office of school director in the town of Walden, this State.

It appears that during all the time here material, the relator has been a citizen of this State, and of the town school district of the town of Walden; that at the annual meeting of the town, duly warned and held in the year 1922, he was elected to the office of school director for that district for the term (fixed by statute) of three years from and after the first day of July then next, and until a successor should be elected and qualified; that the relator qualified as required by law, and entered upon the duties of the office, continuing to exercise and perform the same from July 1, 1922, down to July 1, 1925; and on the evidence we find that he has not resigned from said office, nor abandoned the same (even if he could abandon it, which we do not decide).

It further appears that at the annual meeting of the town in 1925, one Lucy Edwards received a majority of all the ballots cast for school director to succeed the relator in that office, and was then and there declared by the moderator of the meeting to be elected thereto; that before and at the time of her said election Lucy Edwards held an office of profit and trust under

the authority of Congress, in that she was postmistress at the United States post office then existing at Walden, and has hitherto continued to hold that office; that after her said election and before the first day of July then next, she in form took the oath prescribed for public officers, and supplied a bond to the town school district, conditioned for the performance of her duties as school director; that after the first day of July and until the 6th day of that month she acted as school director; that on the day last named she tendered her resignation from the office of school director, to the selectmen of the town, by whom such resignation was immediately accepted; that thereupon the selectmen, considering that a vacancy existed in such office, appointed in writing the respondent, John Edwards, a citizen of the school district, to that office, to fill such vacancy, and his appointment was recorded in the town clerk's office in the town; that immediately thereafter he took the oath of office and supplied a bond to the district to the satisfaction of the selectmen, as required by the statute. It is under and by virtue of this appointment that the respondent claims to be holding the office in question and exercising the duties thereof. Chapter II, section 50 of the Constitution of this State, provides:

> "Nor shall any person holding any office of profit or trust under the authority of Congress, be eligible to any appointment in the Legislature, or to any executive or judiciary office under this state."

[1] That the office of postmistress in the town of Walden "is an office of profit and trust under the authority of Congress," the case of *McGregor* v. *Balch,* 14 Vt. 428, 39 A. D. 231, is full authority.

[2, 3] The office of school director requires the performance of duties in character, both executive and judicial. There should seem to be no doubt, therefore, that such an office falls within the consitutional provision in question. See G. L. 1192, and *Morgan* v. *Stowe,* 92 Vt. 338, 349, 104 Atl. 339, L. R. A. 1918F, 1000. The term "executive officer" has been held to include members of a school board whose duties are to administer the common school system. 23 C. J. 982; *McCoy* v. *Curtice,* 9 Wend. (N. Y.) 17, 24 A. D. 113; *Ogden* v. *Raymond,* 22 Conn. 379, 58 A. D. 429; *State* v. *Wormack,* 4 Wash. 19, 29 Pac. 939, 941; *Johnson* v. *Sanders,* 131 Ky. 537, 115 S. W. 722. This being so, the case of *McGregor* v. *Balch* is also full authority for the hold-

ing we now make, that the fact that Lucy Edwards was post-mistress at the time she was voted for and declared elected to the office of school director did not in itself render her election invalid, but she was incapable of holding both offices at the same time—she could hold and exercise the office of school director only in case she abandoned the office of postmistress, which she never did. It is there said that a person holding an office under the authority of Congress "may be eligible, or may be elected, to an executive or judicial office, but, in such case, if he accept the office under the authority of the State, he must abandon the one held under the authority of Congress, and if he continued to hold the latter, he cannot, consistently with the provisions of the Constitution, hold the former."

[4]   It is urged, however, that the wording of the clause of the Constitution there involved, was so changed by the Justices of the Supreme Court in 1913, in revising Chapter II of the Constitution, pursuant to the Eighth Article of Amendment of that year, as in effect to overrule the decision in *McGregor* v. *Balch*. But no change having such an effect was within the power of revision delegated to the Justices, for no amendment had been made to that clause to be incorporated therein or excluded there-from; and that no such change was intended by them is within the knowledge of the two present members of this Court, who were Justices thereof at the time of the revision and participated therein. The wording thereof prior to the revision was "that no person holding any office of profit or trust under the authority of Congress, shall be eligible to any appointment in the Legislature, or of holding any executive or judiciary office under the state." The wording given in the revision is: "Nor shall any person holding any office of profit or trust under the authority of Congress, be eligible to any appointment in the Legislature, or to any executive or judiciary office under the State."

It was said in the McGregor case that the change of the phraseology from "eligible to appointment in the Legislature" to "or of holding any executive or judiciary office" necessarily created the difference there held in the construction of the two clauses. The words of the latter—"or of holding any executive or judicial office," etc., were changed so to read "or to any executive of judicial office," etc. To be more specific, instead of the words "of holding any," the words "to any" are used—meaning grammatically, "or be eligible to any executive or

judiciary office * * * *.'' The phrase is ''eligible to any * * * * office.'' The constitution of the state of Indiana contains the provision:

> ''No person elected to any judicial office shall, during the term for which he shall have been elected, be eligible to any office of trust or profit under the state other than a judicial office.''

The words ''eligible to any office,'' as there used, have been construed by the highest court of that state, as having reference to the qualification to hold office, and not to the choosing or election to such office, and that the disqualification must exist at the time the term of office begins, and that the right of the elected person is not affected by the fact that at the time of his election he was ineligible. *Smith* v. *Moore,* 90 Ind. 294; *Brown* v. *Goben,* 122 Ind. 113, 23 N. E. 519. To the same effect are *Demaree* v. *Scates,* 50 Kan. 275, 32 Pac. 1123, 20 L. R. A. 97, 34 A. S. R. 113; *Privett* v. *Bickford,* 26 Kan. 52, 40 A. R. 301; *State* v. *Murray,* 28 Wis. 96, 9 A. R. 489; *Kirkpatrick* v. *Brownfield,* 97 Ky. 558, 31 S. W. 137, 29 L. R. A. 703, 53 A. S. R. 422; 22 R. C. L. 402, 403.

In effect this construction is the same as that given to the last clause of the Constitution involved in the McGregor case, and it is the same as we give to the clause as it now is. The revision made no change in its construction or meaning.

[5] It follows that one of the essential elements to Lucy Edwards' qualifying for the office of school director, was her abandonment of the office of postmistress. Without this she could not, and did not, qualify as such director; and not having qualified, she could not resign, for a man cannot resign an office to which he is not entitled and has no right to occupy. Throop on Public Officers, § 413; *Miller* v. *Supervisors,* 25 Cal. 93; *Reg.* v. *Blizard,* 2 L. R. Q. B. 55; *In re Corliss,* 11 R. I. 638, 23 A. R. 538. Nor could she by resigning in form create a vacancy which the selectmen had the power to fill by appointment. *In re Corliss, supra; Chandler* v. *Bradish,* 23 Vt. 416; *Stevens* v. *Kent,* 26 Vt. 503. In law and in fact there was no vacancy, for by the statute the relator's term continued until his successor should be elected and qualified. G. L. 1189; *School District* v. *Smith,* 67 Vt. 566, 32 Atl. 484; *Rowell* v. *School District,* 59 Vt. 658, 10 Atl. 754.

[6] But the Court is asked, in its discretion, to refuse the

prayer of the petition. This is sometimes done "if the office is of very small importance; if it is for a short term, or the term is nearly expired; if no other person complains of being deprived of the office; and if the objection taken to the respondent's holding the office is technical and of no considerable practical importance." *State* v. *McGeary,* 69 Vt. 461, 38 Atl. 165, 44 L. R. A. 446; *State* v. *Mead,* 56 Vt. 353; *State* v. *Foley,* 89 Vt. 193, 94 Atl. 841; *State* v. *Hinsdale,* 95 Vt. 95, 112 Atl. 357. This case, however, does not fall within any of the circumstances mentioned; the office has directly to do with the management of the educational system of the town and is of much importance; the term of the office is not a short one; the complainant, the incumbent *de jure,* is being deprived of the office; and the objection taken to the respondent's holding the office is not technical in nature, but is based on the Constitution, and of great practical importance to the public.

In these circumstances the relator should be allowed to perform the duties of the office as officer *de jure,* during his legal term.

*Let the information be filed and judgment of ouster against the respondent be entered thereon, with costs to the complainant.*