CASE 85—ELECTION CONTEST—MAY 23.

# Kirkpatrick v. Brownfield.

.APPEAL FROM LARUE CIRCUIT COURT.

ELIGIBILITY TO OFFICE.—Where the constitution provides that no person shall be "eligible" to a particular "office" unless he possesses certain qualifications, it is sufficient that a person elected to the office possesses the required qualifications at the time fixed for taking the office, unless it is expressly provided that he shall possess them at the time of the election. And that this is the meaning of the expression "eligible to the office," as used in the constitution, is shown by the fact that in other parts of the constitution the expression "eligible to election" is used, it being reasonable to suppose that by the difference in expression a difference in meaning was intended. Therefore, when a person elected to the office of clerk of a court has at the time fixed for taking the office the certificate of qualification prescribed by sec. 100 of the constitution he is entitled to hold the office although he did not have the certificate at the time of the election.

HOBSON & O'MEARA FOR APPELLANT.

1. Under the provision of the constitution, sec. 100, that "no person shall be eligible to the office of clerk unless he shall have procured from a judge of the court of appeals or a judge of the circuit court a certificate that he has been examined by the clerk of his court under his supervision and that he is qualified for the office for which he is a candidate," it is not necessary that the certificate should be procured prior to the time of election, but it is sufficient and a full compliance with the constitutional requirement if the certificate is secured after the election, but before taking the office. ·

2. The words of the provision being that no person shall be "eligible to the office," there is no requirement that the certificate shall be had as a qualification of election, and under the rule of construction that a constitution or statute never disqualifies by implication, the construction that the procuring of a certificate was a condition precedent to election can not be supported by the language. (Speed v. Common Council, 98 Mich., 360; 39 Amer. State Reports, 555; State v. Murray, 9 Amer. Rep., 489; 28 Wis., 96; Privitt v. Rickford, 40 Amer. Rep., 301; 26 Kans., 52; Demaree v. Scates, 34 Amer. State Rep.,

Kirkpatrick v. Brownfield.

113; 50 Kans., 275; Brown v. Gobin, 112, Ind., 113; State v. Trumpf, 50 Wis., 103; Smith v. Moore, 90 Ind., 294.)

3. In view of the fact that the other provisions of the constitution providing the qualifications of other officers expressly so provide when the qualifications relate to the time of election it can not be held that the provision of this section, which expressly says, "eligible to the office," means to impose a qualification necessary for or condition precedent to election. (Kentucky Constitution, secs. 32, 91, 92, 114, 121, 130, 165, and 237.)

4. A construction of the statute which would require a certificate to render a man eligible for election would be a deprivation of the right guaranteed to the voters by sec. 1460 of the Kentucky Statutes, which provides that a blank space shall be left on the ballot in which may be written the name of the voter's choice for the particular office, if not printed on the ballot, since no one would have a certificate save those on the ballot, and consequently they alone could be properly voted for, and thus the electors voting for any one else would be in effect disfranchised.

5. The word "candidate," in sec. 100 of the constitution, can not, as contended by appellee, be restricted in its use to mean an aspirant to an office *before* the election alone.

6. The contention of the appellee that the word "eligible" means capable of being chosen or elected," is untenable, since with that meaning the words "for election," which follow in many sections of the constitution, would be rebundant and meaningless.

7. The debates of the Constitutional Convention cited by the appellee in support of his contention were made on the original draft of the section in question months before its adoption, and when it contained radically different language from that which it at present contains, and are, therefore, of no value here.

I. W. TWYMAN AND D. H. SMITH FOR APPELLEE.

1. In the provisions of sec. 100 of the constitution, that "no person shall be eligible to the office of clerk, &c.," the word "eligible," according to the ordinary acceptation of the term, which has been accepted by the best legal authorities, means "capable of being elected or chosen," as well as the capacity of holding office, and, therefore, the section referred to requiring a person to procure a certificate from a judge of the Court of Appeals or of a circuit court that he has been examined by a clerk of his court under his supervision and that he is qualified for the office before he is eligible to the office of clerk, impose that as a condition precedent to his election as well as to holding the office. (Webster's Unabridged Dictionary; Worcester's Unabridged Dic-

tionary; Bouvier's Law Dictionary; Abbott's Law Dictionary; Amer. & Eng. Enc. of Law; 3 Nevada, 570; 23 Nebraska, 385; 3 Minn., 240; 45 Minn., 309; 15 Cal., 119; 73 Cal., 230; 11 R. I., 638; 99 Nev.,291; 12 Ind., 569; 14 Ind., 93; 15 Ind., 327; 35 Ind., 111; 61 Ind., 392; 63 Ind., 592; 87 Ind., 520; 96 Ind., 376.)

2. The provision of sec. 100, that the certificate shall state "that he is qualified for the office for which he is a candidate," the word "candidate" can have reference only to the time before election for one can not, in a political sense, be a candidate for an office after his election to that office. Consequently the failure of appellant to procure the required certificate prior to the election renders him ineligible to election and to office.

3. The contention of the appellant that when the qualification prescribed is not followed by the words "at the time of the election," it merely relates to holding the office can not be sustained. (Constitution, secs. 32, 45, 71, 72, 82, 92, 93, 100, 114, 120, 121, 130, 150, 165, 209. 237, 239.)

4. The debates of the members of the constitutional convention of 1849, which adopted the section under consideration, incorporated into the present constitution as then adopted, clearly show that the intention of that body was to prescribe a qualification for election, and this intent should govern in the construction of the section. (Constitution of 1850, sec. 2, article 6; debates Con. Con., 1849, pp. 362-383.)

5. Under the constitution of 1850, a statute was passed providing that "when a person returned is found not to have been legally qualified to receive the office at the time of his election, a new election shall be ordered," and this statute has been re-adopted by the General Assembly under the new constitution, and the courts having approved this statute, the conclusion that the qualification had reference to the election is irresistible. (Kentucky Revised Statutes, sec. 8, art. 7, ch. 32; General Statutes, sec. 8, art. 7, ch. 33; Kentucky Statutes, sec. 1531, sub-sec. 8; 16 B. M., 542; 10 Bush, 743; 18 B. M., 725; 11 Bush, 86; Lawson's Rights, Remedies and Practices, sec. 3742.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellant and appellee were rival candidates for the office of county court clerk, of Larue county, at the November election, 1894. Appellant received a majority of the votes cast, and was awarded a certificate of election by the canvassing board. Appellee contested his election upon

the ground that he had not, *at the time of his election,* pro-
cured from the proper officer a certificate of his qualifica-
tion as required by law.

It was agreed that the appellant, on the 8th day of Sep-
tember, 1894, had obtained from the clerk of the Larue Cir-
cuit Court, a certificate showing his qualification, and that
on the 10th day of November, 1894, he had procured from
his circuit judge, a certificate stating that he had been ex-
amined by the clerk of the Metcalfe Circuit Court, under
the supervision of the judge, and that the applicant was
qualified for the office of county court clerk; the first cer-
tificate being issued before and the second after the election.
The contesting board held the appellant to have been in-
eligible at the time of his election and hence not qualified to
hold the office, which was, therefore, declared vacant.   On
appeal to the circuit court that finding was approved, and
from that judgment Kirkpatrick prosecutes this appeal.

It is not contended that the certificate of September, 1894,
has any efficacy, but it is insisted by the appellant that the
requirements of the constitution were met upon the pro-
curement of the certificate of the circuit judge after the
election, and before the term began for which he was elected.
The controlling provision of the Constitution reads as fol-
lows:   "No person shall be eligible to the offices mentioned
in sections ninety-seven and ninety-nine, who is not, at the
time of his election, twenty-four years of age (except clerks
of county and circuit courts, who shall be twenty-one years
of age), a citizen of Kentucky and who has not resided in
the State two years, and one year next preceding his elec-
tion in the county and district in which he is a candidate.
No person shall be eligible to the office of Commonwealth's
attorney unless he shall have been a licensed practicing
lawyer four years.   No person shall be eligible to the office

of clerk unless he shall have procured from a judge of the court of appeals or a judge of a circuit court, a certificate that he has been examined by the clerk of his 'court under his supervision, and that he is qualified for the office for which he is a candidate." (Section 100.)

For the appellant it is said that so much of this section as refers to the age and residence of the candidate, relates to the time of the election, bcause it is so expressed; but that the rest of the section relates, not to the time of election, but to the time of holding the office. That the words, "eligible for the office," and "eligible to election," or "eligible when elected," are purposely used to convey different meanings. On the other hand, the appellee contends that the word "eligible" has a well-defined, legal signification, and the expression "eligible to the office," is but a brief and concise form of stating "capable of being legally chosen or elected to the office."

Each party appeals to his favorite lexicographer to support his contention in the use of the word "eligible," and it is evident that the construction of the section can not be made to depend on the definition given by these learned compilers. The word is variously defined, as "proper to be chosen;" "legally qualified, as eligible to office," and we are thus left to ascertain in some other way the sense to be attached to the word as used in the section. Primarily, the word "eligible," from the latin, *eligere*, to elect, means capable of being elected, or if we may temporarily coin a word, eligible means *"electible:"* but the use of the word is not at all confined to this primary meaning, and if we attempt to substitute this meaning in the various sections of the Constitution where the word is used, we reach quite absurd results, whereas, if we substitute the definition "legally qualified," as insisted on by the appellant, we obtain a consistent

and natural construction of all the sections.    In section 114 we read: "No person shall be *eligible to election* as judge of the court of appeals," etc.    In section 130 we read: "No person shall be eligible as judge of the circuit court who is less than thirty-five years of age *when elected,*" etc.    Manifestly, the word does not import in these sections more than that the person shall be "legally qualified," and because that legal qualification is required to exist *at the time of the election* other words were added to so indicate the purpose in view by the framers of the constitution.    By section 93 certain officers are made *ineligible* to *re-election,* and by section 165 a notary public and officers of the militia are declared not *ineligible* to hold or exercise any office, etc.    The framers of the constitution, in these sections, used the word in the sense of legally "qualified" for office or qualified to hold office.    Thus "No person shall be qualified for election as judge of the court of appeals, etc., or qualified as judge of the circuit court, who is less than thirty-five years of age *when elected,*" etc.    And so in numerous instances it is apparent that where eligibility is required, as of the date of the election, words are used to make the meaning indisputable.    So in no less numerous instances, we find the words "eligible to the office," without additional words, relating to *the time of election.*

We think, therefore, that the words in themselves, as used in the constitution, mean "qualified for the office," not at the time of election, but at the time when the office is to be first assumed.    Considering the care with which the constitution was prepared, and the scholarly distinction of many of its framers, we do not suppose that the same meaning is to be attached to the words "eligible to election" and "eligible to office," or "ineligible to re-election" or "ineligible to office."

Our conclusion, therefore, is that under the first part of
the section under consideration, the words "eligible to the
offices," mean "qualified for the offices," and except for the
words "at the time of his election," the eligibility required
of the candidate would relate to the time when he was
about to hold or assume the office, and that the same words
"eligible to the office," used in the latter part of the section,.
relate to the same time and are without words fixing the
date of the eligibility at the time of the election.

This construction, it seems to us, is in accord with a gen-
eral and manifest purpose on the part of the framers of the
constitution.  The changes of phraseology found in the va-
rious sections, was not, we think, the result of mere chance..

The words "office of clerk," mentioned in the last sen-
tence of the section, embraced the offices of circuit and of
county court clerks, and as descriptive of the particular of-
fice for which the applicant should obtain a certificate of
qualification, the words, "for the office for which he is a can-
didate," were used.  We think the words were used without
an intention to indicate the time when the applicant for the
office was to obtain his certificate.  At best the use of this
word would raise only a presumption that the certificate
was to be procured before the election, and we should not
allow such presumption to override what we conceive to
be the general purpose in view by the use of the terms in
controversy.   To do so "would be to suppose," says Mr.
Story, "that the framers weighed only the force of single
words as philologists and critics, and not whole clauses,
and objects as statesmen and practical reasoners."

While the provisions of the section under consideration
are a substantial re-adoption of sec. 2, art 6, of the old con-
stitution, there seems to have been no adjudication by the
court affecting the question here involved.

In Stevens v. Wyatt, 16 B. M., 542, relied on by the appel-
lee, Garrett was held ineligible by the lower court, first, be-
cause he had no certificate of qualification, and, second, be-
cause he had not been a resident of Montgomery county for
one year next preceding the election. And this court said:
"As the facts respecting Garrett's ineligibility were agreed,
no doubt is entertained of the propriety of the action of the
board in refusing him a certificate of election."

There was an entire absence of any certificate obtained,
either before or after the election, and manifestly, if Garrett
had obtained his certificate after the election, or even be-
fore, the result would not have been different, as he was in-
eligible for another and conclusive reason. There was no con-
troversy on Garrett's part, and the opinion makes no refer-
ence to the point now involved, nor was the argument of
counsel so directed.

A few other cases from this court are referred to as touch-
ing the question, but throughout them all the question now
in issue remained undetermined. Nor does the statute (sec.
tion1531, subsec. 8) providing for a new election in the event
the person returned as elected is found not to have been le-
gally qualified to receive the office at the time of the elec-
tion, affect the question. Many of the tests of eligibility
are to be applied under the various statutes as of the time of
the election, and, if when the term begins, the person elected
can not qualify, a vacancy necessarily occurs, which may be
filled as provided by law.

The Nevada case of State v. Clarke, 3 Nev., 570, sustains
the appellee's contention as to the meaning of the word "eli-
gible," holding it to signify, when used in statutory and
constitutional clauses, such as we are considering, one "ca-
pable of being elected or chosen," and hence, the "eligibil-
ity" must relate to the time of the election.

To the same effect are the cases of State v. McMillen, 23 Neb., 385, and the Minnesota and California cases, as well as the earlier Indiana cases. But the Indiana court, in Smith v. Moore, 90 Ind., 294, reviewed its former decisions and adopted a different construction, saying, that "legally qualified." is the meaning that should be given to the word "eligible" as used in the section of the constitution under consideration.

To the same effect are the cases of State, *ex rel*, v. Murray, 28 Wis., 96 (s. c. 35 Am. R. 638); Privett v. Bickford, 26 Kan., 52 (40 Am. R., 301), and Demaree v. Scates, 50 Kan., 275 (1893), where the whole question is discussed and authorities reviewed.

These cases discuss largely, and in some respects the conclusion is made to depend on, the etymology of the word "eligible," and in this respect we think the contention of the appellant is supported by the better argument. But what is more important than this, we believe the framers of the constitution had in view a difference in meaning when they provided in one clause for "eligibility for office" and in another "eligibility to election."

The judgment below is reversed for proceedings consistent with this opinion.