# Seals *v.* State *ex rel.* Matthews.

### *Quo Warranto.*

(Decided Jan. 11, 1910. 51 South. 337.)

*Municipal Corporations; Officers; Eligibility.*—Under the provisions of section 1231, Code 1907, no one could hold the office of police commissioner except he be a resident of the city at the time of his election; hence, where the original annexation to the city of B. was declared void by the courts and the person elected to serve as such commissioner was a resident of the portion of the city so annexed under the annexation declared void, he was not eligible to the office of police commissioner of B., although subsequent to his election, and before his term of office began a proper annexation of the detached portion in which he resided was made to the City of B.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Quo warranto by the state on the relation of John Matthews against Carl H. Seals to test his right to the office of police commissioner of the city of Birmingham. From a judgment of ouster respondent appeals. Affirmed.

S. D. WEAKLEY, for appellant.—Under the Code, section 1231, and the case of *Gibson v. Wood,* 43 L. R. A. 699, it is insisted that the judgment of the trial court should be reversed and that Seals should be allowed to continue in the exercise of his office.

F. E. BLACKBURN, for appellee.—The election annexing Mountain Terrace to Birmingham was declared void.—*State ex rel. v. Martin,* 48 South. 847. Hence, at the time of the election Seals was not a resident of Birmingham. He was, therefore, ineligible, although after his election but before his taking office a proper annexation was made.—*State ex rel. v. Elliott,* 117 Ala.

151; *Johnson v. The State, ex rel.*, 132 Ala. 43; Sec. 1231, Code 1907.

ANDERSON, J.—The general municipal law, in prescribing the qualifications of police commissioners, section 1231 of the Code of 1907, says: "No person shall be eligible to hold the office of police commissioner except a qualified elector of the state of Alabama, over twenty-five years of age, and a *resident of the city at the time of his election* and during his term of office." (Italics ours.) This statute is plain and unambiguous, and requires that he must have been a resident of the city at the time he was elected.

The only point made against the eligibility of the respondent is that he was a resident of "Mountain Terrace," a district outside of the city of Birmingham, when elected on the 21st of September, 1908. The fact that he was a resident of "Mountain Terrace" district is not disputed, and the only theory upon which the respondent claims to have been a resident of Birmingham at the time of his election is that the first annexation had not been declared void, or that the subsequent annexation, which is not questioned, though made after his election, was prior to his introduction into office, and that Mountain Terrace then became a part of the city of Birmingham, and that he was at the time of his election residing in territory subsequently annexed to Birmingham, and which was in fact a part of Birmingham before he went into office. If Mountain Terrace was a part of Birmingham when the respondent was elected, September 21, 1908, the said respondent was, of course, a resident of the city, and was, therefore, eligible under the statute.

The court, however, in the case of *State ex rel. Ward v. Martin,* 160 Ala. 190, 48 South. 847, held that the

effort to annex Mountain Terrace to Birmingham, prior to the election of September 21, 1908, was void, and there was no annexation. The result of that ruling was not merely a detachment of Mountain Terrace from Birmingham, but was to the effect that the former had never been annexed to the latter, and the result is the respondent, Seals, was not a resident of Birmingham when he was elected, and he is not, therefore, eligible to hold the office under the said election. (We do not mean that he would not be under a subsequent election or appointment.) It may be that Mountain Terrace was subsequently annexed to Birmingham, and was a part thereof when the respondent assumed the office; but the statute is so worded as to require that he should be a resident at the time of his election, and the subsequent annexation cannot be given retroactive force so as to make the respondent what he was not on the 21st day of September, 1908. He was not a resident of the city when elected, and whether he became one afterwards or not, without changing his place of residence, could not render him one prior to the last valid annexation. This respondent and the people who elected him may have thought him eligible, and it may seem a hardship to oust him from the office; but this court cannot permit a hard case to make shipwreck of the law. We must hew to the line, let the chips fall where they may. The statute is plain and imperative, and we must give it a plain and reasonable interpretation, without excuse or apology, and regardless of consequences.

Our attention has been called to the case of *Gibson v. Wood,* decided by the Kentucky Court of Appeals, and reported in 105 Ky. 740, 49 S. W. 768, 43 L. R. A. 699. This case, while not directly in point, supports by analogy the appellant's contention that the annexa-

[Seals v. State ex rel. Matthews.]

tion of Mountain Terrace subsequent to his election was retroactive and rendered him a citizen of the city prior to the said annexation. We cannot agree to the soundness of the conclusion in said case, nor does the reasoning resorted to impress us as apt or logical. The court in said case holds that, although Wood was a resident of Enterprise, a surburban town, which became a part of Louisville about a year previous to his election, he was in fact a resident of Louisville for two years prior to the annexation, and at a time when he was a resident of a separate and distinct town. In other words, that notwithstanding he was a resident of the town of Enterprise, and which was no part of Louisville until a year previous to his election, that he was a resident of Louisville while residing in Enterprise, and for two years before it became a part of Louisville. He was a resident of Enterprise, prior to the annexation, and we are at a loss to understand how he could be a resident of Louisville when a resident of another town outside of Louisville.

The order of the circuit judge, ousting respondent from office, is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.