## Taylor v. Johnson.

## Taylor, et al. v. Johnson.

(Decided May 31, 1912.)

Appeals from Kenton Circuit Court
(Common Law and Equity Division).

Office and Officer—Board -of Alderman—Qualification of Member as City Treasurer—Appointment of Successor—Question Whether Vacancy,—Where Coyne, a member · of the Board of Alderman, during his term, was elected city treasurer, and on the 30th of December . (the 31st being Sunday), took the oath of office, executed bond and designated the city depository, the appointment thereupon by the Mayor of Taylor as a member of the board to succeed Coyne was void, for the taking of the oath and execution of the bond while qualifying Coyne to enter upon the discharge of the· office of Treasurer, he had not accepted that office within the meaning of the statute so as to operate to vacate his office of alderman.

A. E. STRICKLETT for appellants.

BYRNE & READ, MYERS & HOWARD for appellees.

Opinion of the Court by Judge Winn—Affirming.

These appeals present the same question and are heard together. The only controversy is one between Edward J. Taylor and Frank J. Johnson as to which of them succeeded Joseph Coyne as a member of the Covington Board of Aldermen. Coyne was elected a member of the board at the election in 1910, for a term of two years. At the regular election in November, 1911, he was elected City Treasurer for a term of four years. On December 30, 1911 (the 31st being Sunday) he took the oath of office as City Treasurer, executed bond for the faithful discharge of his duties, and designated the depository of city funds. Upon the afternoon of that day there was a called meeting of the Board of Aldermen. Coyne was present in the room at the time of the meeting, but, though he had been President of the Board of Aldermen, declined to call them together or to have anything to do with the proceedings, doubtless upon the idea that his qualification as Treasurer, supra, had vacated his office .as Alderman. Thereupon the then Mayor of Covington appointed the appellant, Edward J. Taylor, as Alderman to succeed Coyne. Taylor thereupon

at once took the oath· of his office, entered upon the discharge of his duties and was confirmed .by the Council in the sense of· a ratification of his appointment. The minutes of this meeting showing these steps were approved at the next meeting on January 5, 1912.

On January 5, 1912, the new Mayor of Covington,. conceiving that the appointment of Taylor was void, appointed Frank J. Johnson to succeed Coyne. Johnson' thereupon took the oath of office and brought this proceeding in mandamus to enforce his right to and the recognition of his right to hold the office. The circuit court sustained Johnson, and Taylor appeals here.

The decision of this question depends upon the precise time at which Coyne vacated his office, whether by voluntary act or by operation of law. Certain constitutional and statutory provisions bear upon the determination of the question: Section 165 of the ·Constitution provides inter alia that "no person shall at the same time fill two municipal offices."

Section 3744 of the Kentucky Statutes provides that "the acceptance by one in office of another office or employment incompatible with the one he holds shall operate to vacate the first."

Section 3746 of the Kentucky Statutes reiterates the declaration of the Constitution that no person shall at the same time fill two municipal offices.

Section 1530 of the Kentucky Statutes provides, among other things, that "all resignations of office shall be tendered to the court or officer who is required to fill the vacancy. All such resignations shall be in writing."

First: Had Coyne vacated his office by any voluntary act? Manifestly he had not resigned it because he must. needs resign in writing. Section 1530, Kentucky Statutes. Davis, Superintendent v. Conner, 21 Ky. L. R., 658. There is no pretense that he made any written resignation.

Nor do we think that one day's non-occupation of the office of· Alderman by Coyne was sufficient to constitute an abandonment. In the case just cited, for instance, notwithstanding the fact that the officers had verbally resigned and for a few days had acted upon the assumption that they were out of office, yet because they had not resigned in writing they were held not to have vacated their offices. It is unnecessary for us to determine here whether or not an office, in view of the provisions. of section 1530 of the statutes, can be abandoned by

mere non-user or some act or set of acts short of a written resignation by the office holder. That question in its broad or general sense is not before us.

Second: Had Coyne done any act which, though not a voluntary vacation of the office of Alderman, yet had the effect by operation of law of vacating that office? The provision of section 3744 of the statute is that acceptance by one of an office incompatible with one already held shall operate to vacate the first. This statute but carries out the provision and spirit of sections 165 of the Constitution and 3746 of the statute, supra. On December 30th, when Coyne took the oath of office and gave bond as Treasurer he was not holding two municipal or incompatible offices. He could not hold the office of Treasurer until his term began on the first Monday in January. While his taking the oath and executing the bond had qualified him to enter upon the discharge of the duties of the office of Treasurer he had not accepted that office within the meaning of the statute so as to operate to vacate his existent office of Alderman. Until the time when he could legally enter upon the discharge of the duties of the new office, there was nothing in the spirit or letter of the law declaring that his preparation for entering upon such new duties would vacate his former office. His taking the oath and executing the bond were but such preparation. Had the term of his new office then commenced such qualification would be the statutory acceptance such as would vacate the former office. That condition did not obtain here.

As there was no vacancy on December 30 the appointment of Taylor was void.

The judgment of the trial court is affirmed.

Whole court sitting.