SMITH *v.* WAGNER.

1. MANDAMUS—WHEN ISSUED.

Mandamus will not issue to compel the county clerk to place plaintiff's name upon the primary ballot as a candidate for sheriff unless there is a clear legal right in the plaintiff to the discharge of a clear legal duty by the defendant.[1]

2. SAME—CONSTITUTIONAL LAW—AMENDMENTS—SHERIFFS.

Where plaintiff, who was serving his second consecutive term as sheriff, was prohibited by the Constitution (art. 8, § 5) from serving another term, the fact that, by Joint Resolution No. 1, Pub. Acts 1925, the people, at the coming November election, were given an opportunity to vote on an amendment removing such inhibition creates too remote a contingency to give him a clear legal right to the discretionary writ of mandamus to compel the county clerk to place his name on a primary ballot as a candidate for a third consecutive term.[2]

Certiorari to Kent; Perkins (Willis B.), J. Submitted April 6, 1926. (Calendar No. 32,533.) Decided April 14, 1926.

Mandamus by William L. Smith to compel Edward L. Wagner, county clerk of Kent county, to place plaintiff's name upon the primary ballot as a candidate for sheriff. From an order denying the writ, plaintiff brings certiorari. Affirmed.

*Ward & Strawhecker*, for appellant.

*Earl W. Munshaw*, Prosecuting Attorney, and *Peter A. Hartesvelt*, Assistant Prosecuting Attorney, for appellee.

FELLOWS, J. Plaintiff is now serving his second consecutive term as sheriff of Kent county. He pre-

[1]Mandamus, 38 C. J. § 56; [2]Id., 38 C. J. § 56.
On mandamus as a proper remedy to enforce duties with respect to nominations, see note in L. R. A. 1917E, 480.

sented to defendant, county clerk, petitions to place his name on the ballot at the coming primary as a candidate for nomination for a third consecutive term as sheriff.    The request was refused and this proceeding in mandamus was instituted in Kent circuit court, where, after a hearing, the writ was refused. We allowed a writ of certiorari to review such judgment.    Admittedly plaintiff is ineligible to hold the office consecutively beyond four years under the present Constitution (art. 8, § 5).    All counsel so concede. At the end of four years he and all his deputies go out of office.    *Lamoreaux* v. *Attorney General,* 89 Mich. 146.    But it is urged on behalf of plaintiff that the legislature has by Joint Resolution No. 1, of the 1925 session (Pub. Acts 1925, p. 781), submitted to the electors at the coming November election an amendment removing such inhibition, and it is said that if such amendment is adopted plaintiff, if elected, could qualify and act as sheriff, and it is insisted that we should now decide the question and hold that a removal of disqualification after election and before taking the office is sufficient.    But we do not think that question is properly before us at this time, and by anything here said we should not be considered as deciding such question.    Among the cases dealing with that question see *People* v. *Purdy,* 154 N. Y. 439 (48 N. E. 821, 61 Am. St. Rep. 624) ; *Privett* v. *Bickford,* 26 Kan. 52 (40 Am. Rep. 301) ; *State* v. *VanBeek,* 87 Iowa, 569 (54 N. W. 525, 19 L. R. A. 622, 43 Am. St. Rep. 397) ; *Seals* v. *State, ex rel. Matthews,* 164 Ala. 582 (51 South. 337, 20 Ann. Cas. 991) ; *Bradfield* v. *Avery,* 16 Idaho, 769 (102 Pac. 687, 23 L. R. A. [N. S.] 1228) ; *State, ex rel. Schuet,* v. *Murray,* 28 Wis. 96 (9 Am. Rep. 489) ; *Kirkpatrick* v. *Brownfield,* 97 Ky. 558 (31 S. W. 137, 29 L. R. A. 703, 53 Am. St. Rep. 422).

In *Parker* v. *Smith,* 3 Minn. 240 (74 Am. Dec. 749),

the court had before it this situation: Under the laws of the Territory of Minnesota, the period of residence necessary to make one eligible to office was six months; the State had been recently admitted to the Union and its proposed constitution had reduced the period to four months.    Smith was elected to the office of district attorney at the same election at which the constitution was adopted.    He was ineligible under the laws of the Territory when elected, but was eligible under the constitution that day adopted, and the question before the court was whether the period fixed in the laws of the Territory or the period fixed in the constitution controlled, and it was held that the period fixed in the laws of the Territory which were in force until the constitution was adopted should control.

It is too well settled to need citation of authorities that the writ of mandamus will not issue unless there is a clear legal right in the plaintiff to the discharge of a clear legal duty by the defendant.    Plaintiff under the Constitution has no right to hold the office of sheriff beyond his present term.    He is by that instrument expressly prohibited from holding it and the fact that the people have an opportunity to vote on its amendment at the November election creates too remote a contingency to give him a present clear legal right to this discretionary writ.    In at least two cases (*Fyfe* v. *Kent County Clerk*, 149 Mich. 349; *Murtha* v. *Lindsay*, 187 Mich. 79) this court has refused to issue its writ of mandamus requiring election officials to place on the ballots the names of men who were prohibited by the Constitution from filling the office sought.    Following these cases, we must refuse the writ in this case.    As the question is a public one, no costs will be allowed.

Judgment affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and MCDONALD, JJ., concurred.