## ADAMS

v.

## COMMONWEALTH ex rel. BUCKMAN, Atty. Gen.

Court of Appeals of Kentucky.

May 7, 1954.

As Modified on Denial of Rehearing June 18, 1954.

Ben B. Fowler, Dailey & Fowler, Frankfort, Stephens Combs, Jr., Whitesburg, for appellant.

Harry Caudill, Whitesburg, J. Ervin Sanders, Pikeville, for appellee.

CULLEN, Commissioner.

The main question presented on this appeal is whether or not membership on a county board of education is incompatible with the office of county election commissioner. The appellant, Dr. Lundy Adams, has been a member of the Letcher County Board of Education since December 4, 1952. Following the assumption of that office, he was appointed to and discharged some of the duties of the office of county election commissioner. In an action brought in the name and by the authority of the Attorney General, the lower court declared the two offices incompatible and decreed that appellant had vacated his membership on the board of education by acceptance of the latter office.

There are two kinds of incompatibility between offices which have been recognized and applied in declaring the first office vacant upon acceptance of the latter. The first is a constitutional or statutory incompatibility, which is one so declared by the Constitution or legislative enactment. The second is a common-law or functional incompatibility, which is declared by courts without the aid of specific constitutional or statutory prohibition when the two offices are inherently inconsistent or repugnant, or when the occupancy of the two offices is detrimental to the public interest. Barkley v. Stockdell, 252 Ky. 1, 66 S.W.2d 43; Polley v. Fortenberry, 268 Ky. 369, 105 S.W.2d 143. The constitutional and statutory enumerations of incompatible offices are not the exclusive instances of incompatibility. Knuckles v. Board of Education of Bell County, 272 Ky. 431, 114 S.W.2d 511.

Without elaboration, we will mention that there is no constitutional or statutory incompatibility in the case before us,

under Section 165 of the Kentucky Constitution, KRS 61.080 and KRS 160.180, unless the office of member of the county board of election commissioners is in law a local office as distinguished from a state office. We consider it unnecessary to pass on this question, because we think it is clear that the two offices are functionally incompatible, in that the occupancy of both offices by the same person is detrimental to the public interest.

Ordinarily, the courts look to the legislature for declarations of public policy or of the public interest. Upon examining the legislative enactments relating to boards of education, we find running through them a clear expression of policy that such board members shall be divorced from political considerations.

KRS 160.200 provides that elections for school board members shall be in the even-numbered years, the apparent purpose being to separate these elections from the regular elections for state and county offices. KRS 160.230 prohibits any party emblem on the school board ballot. KRS 160.250 forbids disclosing to the voters the political affiliation of any candidate for school board. KRS 160.180(1) (d), in prohibiting a school board member from holding any office "under the city or county of his residence", indicates the legislative intent that school board members shall not take part as officers in local government affairs.

If a school board member should be permitted to serve as a member of the county board of election commissioners, he would be participating actively in elections as the representative of a particular political party, since he must be nominated by his party in order to serve. KRS 116.040. He would be required to pass upon the election of his fellow school board members. In serving as an election commissioner, a school board member necessarily would become involved in local government affairs, contrary to the spirit of KRS 160.-180(1) (d), and would become involved in regular state and county elections, contrary to the spirit of KRS 160.200.

We think the lower court correctly held that the offices are incompatible.

■ A further question presented is whether the judgment was correct in holding that Dr. Adams had "accepted" the office of member of the county board of election commissioners so as to vacate his office as member of the county board of education. KRS 61.090 provides that the "acceptance" by a person in office of another, incompatible office shall operate to vacate the first office.

The stipulation of facts states that Dr. Adams was appointed by the State Board of Election Commissioners on August 14, 1953; that on August 23 he presented his appointment to the county court clerk and executed bond, but did not take the oath of office; and that between October 16 and November 2 he performed certain duties as a member of the county board of election commissioners. Dr. Adams contends that, by reason of his failure to take the oath, he never legally "accepted" the office of member of the county board of election commissioners.

■ As we interpret KRS 61.090, it constitutes a rule for determining a person's choice between two offices. It is our opinion that the actual entering upon the performance of the duties of an office is the best evidence of the intent to choose that office. In Taylor v. Johnson, 148 Ky. 649, 147 S.W. 375, it was held that a person holding one office, who was elected to another, incompatible office and who took the oath and executed bond for the second office, did not vacate his first office until the day on which the term of the second office began. This is in accord with our view, here expressed, that the actual entering upon the duties of the office constitutes an "acceptance" of the office for the purposes of KRS 61.090. Whether or not Dr. Adams took the proper qualifying steps to become a legal incumbent of the second office may be considered immaterial, because his choice of the second office was made manifest by his entering upon the duties of that office. The judgment properly held that he had vacated his first office.

Complaint is made of that part of the judgment which stated that any act of the county board of education "which carried by reason of the participation of the defendant, Dr. Lundy Adams, since the 22nd day of August, 1953, be declared void and a nullity." We agree with the appellant that in this action, which was simply an ouster proceeding by the Attorney General, the question of the validity of acts of the board of education was not in issue and the court had no jurisdiction of such subject matter. It is our opinion that so much of the judgment as purported to pass upon the validity of acts of the board of education was a nullity.

The judgment is affirmed except as to that portion which we have indicated was a nullity.

COMBS, J., not sitting.