**COMMONWEALTH of Kentucky ex rel. J. D. BUCKMAN, Atty. Gen. of Kentucky, Appellant,**

**v.**

**Arnold MILLER, Appellee.**

Court of Appeals of Kentucky.

Oct. 29, 1954.

Francis C. Bryan, Mt. Sterling, Roger A. Byron, Owingsville, for appellant.

Lewis A. White, Mt. Sterling, for appellee.

MOREMEN, Justice.

This appeal requires the interpretation of KRS 160.180 which reads in part:

"(1) No person shall be eligible to membership on a board of education: * * *

"(d) Who holds or discharges the duties of any civil or political office, deputyship or agency under the city or county of his residence * * *.

"(2) If, after the election of any member of the board, he becomes * * * a candidate for nomination or election to any office or agency the holding and the discharging of the duties of which would have rendered him ineligible before election * * * his office shall without further action be vacant."

Appellee, Arnold Miller, a member of the Bath County Board of Education,

was an unsuccessful candidate for the Democratic nomination to the office of tax commissioner for Bath County at the August 1953 primary election. On September 3, 1953, appellant filed a complaint in the circuit court by which it was sought that appellee be ousted from his membership on the board on the ground that under the terms of the statute above mentioned his office was vacated when he became a candidate.

The trial court sustained a motion to dismiss the complaint and in an opinion filed set forth his conviction that under the common-law principles enunciated in Barkley v. Stockdell, 252 Ky. 1, 66 S.W.2d 43, the offices of school board member and county tax commissioner are incompatible and that the same person could not hold both offices concurrently. He pointed out that, under the general rule, one holding office may run for an incompatible office, the only penalty imposed being that upon acceptance of the new office the former office is vacated. In other words, no one is ineligible in this respect "before election." He was of the opinion therefore that since KRS 160.180 is peculiar to school board members alone it should be applied only in cases where the ineligibility arose from those grounds which were specifically enumerated in the statute itself under paragraph (d) above quoted and since the office of tax commissioner is a state office not included in the specific list enumerated he strictly construed the statute to refer only to offices or agencies under the city or county of his residence with which paragraph (d) is concerned.

We generally would agree that a statute which defines the conditions under which an elective office is vacated should be strictly construed. But the pursuit of such a policy should not override the court's duty to seek, ascertain and give effect to the intention of the legislature. It has been said this duty is the fundamental rule in construing statutes. Fayette County Board of Education v. Tompkins, 212 Ky. 751, 280 S.W. 114. The intent and purpose of the legislature may be gathered from consideration of the entire statute. H. O. Hurley Co. v. Martin, 267 Ky. 182, 101 S.W.2d 657. In Sewell v. Bennett, 187 Ky. 626, 220 S.W. 517, it was stated that in making such a determination the courts may look to the mischief the law was intended to remedy, the historical setting surrounding its enactment, the public policy of the state, the conditions of its laws, the habits and manners of its people, and all other prior and contemporaneous facts that throw intelligent light on the intention of the lawmaking body.

In the recent case of Adams v. Commonwealth ex rel. Buckman, Ky., 268 S.W.2d 930, 932, it was determined that a prime purpose for the enactment of KRS 160.180, and other sections of this chapter, was to divorce school affairs from political bonds. We said:

"Ordinarily, the courts look to the legislature for declarations of public policy or of the public interest. Upon examining the legislative enactments relating to boards of education, we find running through them a clear expression of policy that such broad members shall be divorced from political considerations.

"KRS 160.200 provides that elections for school board members shall be in the even-numbered years, the apparent purpose being to separate these elections from the regular elections for state and county offices. KRS 160.230 prohibits any party emblem on the school board ballot. KRS 160.250 forbids disclosing to the voters the political affiliation of any candidate for school board. KRS 160.180(1) (d), in prohibiting a school board member from holding any office 'under the city or county of his residence,' indicates the legislative intent that school board members shall not take part as officers in local government affairs."

We have concluded, therefore, that a strict construction is not required and that we should examine paragraph (d)

of KRS 160.180 with the thought of "the mischief the law was intended to remedy," well in mind.

With these legal rules in mind, we return again to the specific language of subsection (2) of KRS 160.180 and find that neither party to this action is able to stand alone upon the words used for an interpretation of it. For if we accept the position urged by appellant, we must add sufficient words to make the subsection read: "If, after the election of any member of the board, he * * * becomes a candidate for nomination or election to any office or agency the holding and the discharging of the duties of which would have rendered him ineligible [for continuing his membership on a board of education] * * * his office shall without further action be vacant," while on the other hand, if we accept the contention of appellee, the subsection must be made to read: "If, after the election of any member of the board, he becomes * * * a candidate for nomination or election to any office or agency (specifically named under paragraph (d) of subsection (1) herein) his office shall without further action be vacant."

■ We agree with the circuit court that the offices here involved are incompatible under common-law principles and when we apply the rule of the Adams case—that educational and political entanglement should be avoided—we have no difficulty in deciding that subsection (2) of KRS 160.180 was directed to precluding a board member from aspiring to offices which were impressed with duties incompatible with those discharged by board members, unless he is willing to sacrifice his incumbency on the altar of ambition.

■ We are fortified in this position with the thought that no one, under general law, becomes ineligible for office "before election." KRS 61.090 provides that the acceptance by one in office of another office or employment incompatible with the one he holds shall operate to vacate the first. In Kirkpatrick v.

Brownfield, 97 Ky. 558, 31 S.W. 137, 29 L.R.A. 703; Jones v. Williams, 153 Ky. 822, 156 S.W. 876, and Adams v. Commonwealth, Ky., 268 S.W.2d 930, we held that the incompatibility arises and is determined at the time the second office is assumed, the result being that no person becomes ineligible because of the incompatibility of the offices "before election." So, if a person is never ineligible to one or the other of two offices until he assumes the duties of the second office, the phrase, "ineligible before election," used in subsection (2) of KRS 160.180 would be without meaning. We believe our conclusion, that subsection (2) contains an admonition to all school board members to resist the impulse to offer themselves for an office which is incompatible with their present office, at least gives some substance to the subsection.

We are of opinion that the motion to dismiss the petition should have been overruled and, therefore, the judgment is reversed.