SOUTHFIELD WOODS WATER COMPANY *v.* COMMISSIONER
OF STATE DEPARTMENT OF HEALTH.

1. MANDAMUS—BRIEF—COURT RULES.
   Petition for writ of mandamus should be denied, where plaintiff's
   brief contains no statement of questions involved, no statement
   of facts, no references to pages in the record, and no statement
   of relief sought, all in utter disregard of court rule require-
   ments (Court Rule No 67 [1945], as amended in 1957).

2. SAME—STATE HEALTH COMMISSIONER—LEASE OF WELL—APPROVAL
   —AUTHORITY.
   A writ of mandamus is denied where sought to compel State
   health commissioner to approve a lease of a well and pump
   site, where no authority, duty or power appears to reside in
   defendant to approve or disapprove such a lease or a renewal
   thereof.

3. SAME—STATE HEALTH COMMISSIONER—WELL PERMIT—APPLICA-
   TION FOR RENEWAL.
   A writ of mandamus may not be issued to compel the State
   health commissioner to approve the renewal of a well permit,
   where it is not made to appear that application for such
   renewal has ever been made (CLS 1956, § 325.206).

4. SAME—STATE HEALTH COMMISSIONER—WELL PERMIT—DISCRETION
   OF OFFICERS—MINISTERIAL ACTS.
   Mandamus will not lie to compel issuance of a well permit by
   the State health commissioner, where such issuance would re-
   quire the exercise of defendant's judgment and discretion to
   see that certain factors were observed in the interests of
   protection of the public health, since such would involve more
   than a ministerial act (CLS 1956, § 325.206).

REFERENCES FOR POINTS IN HEADNOTES
[1] 35 Am Jur, Mandamus §§ 345, 394.
[2] 34 Am Jur, Mandamus § 62.
[3] 34 Am Jur, Mandamus § 80.
[4] 34 Am Jur, Mandamus § 66.

5. LICENSES—WELL PERMIT—ACCEPTANCE—CONTRACTUAL OBLIGATION
   TO COMPLY.
   Well operator may not challenge validity of 3-year limitation
   imposed upon original well permit, where it had accepted
   the permit and operated thereunder for over 3 years, since
   there had been an assumption of a contractual obligation on
   its part to comply (CLS 1956, § 325.206).

Original petition for mandamus by Southfield Woods Water Company, a Michigan corporation, against Albert E. Heustis, Commissioner, Michigan Department of Health, and his agents, to compel approval of extension of use and operation of land for waterworks system. Submitted April 15, 1958. (Calendar No. 47,526.) Writ denied June 12, 1958.

*Schaflander, Sura & Sura* (*Theodore J. Sura,* of counsel), for plaintiff.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, and *Florence N. Clement,* Assistant Attorney General, for defendants.

DETHMERS, C. J. Plaintiff's brief, in utter disregard of Rule 67* requirements, contains no statement of questions involved, no statement of facts, no references to pages in the record, and no statement of relief sought. In what appears to be "argument" there is no indication of the precise nature of the relief sought and no authority is cited showing a clear legal right in plaintiff or clear legal duty on defendant's part with respect to any possible question raised in plaintiff's petition for order to show cause and mandamus. For these reasons plaintiff's petition for the writ deserves to be denied.

Because the powers and duties of a State officer are involved and there is no merit in plaintiff's peti-

---

* Michigan Court Rule No 67 (1945). See, also, amendments in 347 Mich xxii.—REPORTER.

tion which would warrant consideration of a possible future petition of like import even though properly briefed and submitted, we shall touch briefly on such facts and questions, as we can ferret out from the record, aided by defendant's brief.

Plaintiff corporation operates a well and water-supply system. It claims to have come into occupancy of its well and pump site under a 3-year lease originally granted to plaintiff's unincorporated predecessor of the same name, to which defendant had on May 27, 1954, granted a well and pump-construction permit under CLS 1956. § 325.-206 (Stat Ann 1956 Rev § 14.416). When the lease neared the end of its term plaintiff notified the lessors of its desire to exercise the option therein contained for a 2-year renewal. Lessors contacted defendant who advised that the well permit had been limited to the 3-year period and that defendant could not approve renewal of the lease. Apparently lessors did not grant the renewal. Plaintiff's petition prays for mandamus to compel defendant to approve a 2-year extension of plaintiff's use of the leased land.

We are cited to and find no authority for a duty or power resident in defendant to approve or disapprove such lease or renewal thereof. It is evident that such duty and power do not exist in defendant and, accordingly, the writ should be denied. *Smith* v. *Wagner,* 234 Mich 428.

If plaintiff's petition be construed as for mandamus to compel defendant to renew the well permit, it suffices to say that it is nowhere made to appear that application for such renewal was ever made to defendant or refused by him. For that reason the writ would not lie to compel issuance of the permit.

Issuance of the well permit, if sought, would require exercise of defendant's judgment and discretion to see that certain factors were subserved in the

interests of protection of the public health. This would involve more than a purely ministerial act. Mandamus would, for that reason, be improper. *Taylor* v. *Ottawa Circuit Judge,* 343 Mich 440.

If plaintiff can be considered to be challenging the validity of the 3-year limitation imposed on the original well permit, it cannot now be heard to complain after acceptance thereof and operation thereunder for over 3 years, it thus having assumed a contractual obligation on its part to comply. *United States* v. *Golden Gate Bridge & Highway District of California,* 37 F Supp 505, affirmed on appeal, 125 F2d 872, certiorari denied, 316 US 700 (62 S Ct 1298; 86 L ed 1769).

Writ denied. Costs to defendant.

CARR, KELLY, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.

KAVANAGH, J., did not sit.