KENTUCKY BAR ASSOCIATION,
Movant,

v.

William Ralph WOODS, Respondent.

No. 2006–SC–000749–KB.

Supreme Court of Kentucky.

Dec. 21, 2006.

*OPINION AND ORDER*

The Board of Governors of the Kentucky Bar Association has recommended to this Court that William Ralph Woods be suspended from the practice of law for five years. We agree with the Board's recommendation. Woods was admitted to practice law in Kentucky on November 18, 1983; and his bar roster address is P.O. Box 848, Grayson, Kentucky 41143,

This Court suspended Woods's law license in December 2005 for non-payment of bar dues and for non-compliance with continuing legal education requirements. While under suspension, in January 2006, Woods appeared before the Boyle District Court to represent a client. Later that same month, Woods filed a petition for nomination for the office of circuit judge in which he falsely swore that he met all of the constitutional and statutory requirements for that office. His sworn statement was false because Section 122 of Kentucky's constitution requires that a candidate be licensed to practice law in the Commonwealth in order to be eligible to be a circuit judge.

Woods failed to answer letters sent to him by the Office of Bar Counsel inquiring as to why he appeared in court while suspended and filed paperwork to seek an office that he could not hold because of his suspension. Eventually, the Inquiry Commission authorized a bar complaint against Woods to which he made no response. Later, the Commission formally issued a four-count charge against Woods, charging that Woods:

- violated Kentucky Supreme Court Rule (SCR) 3.130(5.5)(a), which states that a lawyer may not "[p]ractice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction";
- violated SCR 3.130(3.3)(a)(1) and (2), which provide that a lawyer shall not knowingly "[m]ake a false statement of material fact or law to a tribunal ... [or][f]ail to disclose a material fact to the tribunal when disclosure is necessary to avoid a fraud being perpetrated upon the tribunal";

- violated SCR 3.130(8.3)(c), which forbids a lawyer from engaging in "conduct involving dishonesty, fraud, deceit[,] or misrepresentation"; and
- violated SCR 3.130(8.1)(b), which forbids a lawyer from "knowingly fail[ing] to respond to a lawful demand for information from an admissions or disciplinary authority[.]"

Woods failed to respond to these charges.

The Board unanimously found Woods guilty on all four counts. Fourteen members of the Board then voted to recommend that Woods be suspended from the practice of law for five years, and five members of the Board voted to suspend him from the practice of law for three years. After due consideration of the serious nature of the charges against Woods, as well as his lengthy disciplinary history, we agree that the more severe five-year suspension is appropriate.

In order to demonstrate why such a serious penalty against Woods is appropriate, it is necessary to highlight his professional disciplinary history. In 1999, while Woods served as a district judge, the Judicial Conduct Commission suspended him from his duties as a district judge without pay for sixty days because Woods, among other things, sentenced defendants to home incarceration under the administration of a for-profit company owned by Woods's wife. After an unsuccessful race for circuit judge that same year, Woods engaged in a pattern of behavior so improper and dangerous that the Judicial Conduct Commission termed it "judicial tyranny." Among other improper actions, Woods:

- openly displayed a handgun while on the bench;
- requested a circuit clerk to relieve a deputy clerk from her duties as his bench clerk simply because he believed

the deputy clerk had failed to support his circuit court candidacy;
- arbitrarily increased fines and jail times for offenses; and
- held the Elliott County Sheriff and two deputies in contempt of court (and ordered them jailed) in retaliation for what Woods perceived to be a lack of support for his candidacy. Woods only rescinded these arrest orders after receiving a phone call from the Chief Justice of Kentucky.

Ultimately the Judicial Conduct Commission ordered Woods removed from office. And finally, as previously noted, this Court suspended Woods from the practice of law in December 2005 for failing to pay bar dues and non-compliance with continuing legal education requirements.

Based on Woods's demonstrated pattern of disturbingly unprofessional conduct, we believe the Board's recommendation of a five-year suspension is amply justified. Woods has not filed a notice of review under SCR 3.370(8); and we decline to review the decision of the Board under SCR 3.370(9), meaning that the decision of the Board is hereby adopted under SCR 3.370(10).

ACCORDINGLY, IT IS HEREBY ORDERED that:

1) Respondent, William Ralph Woods, is suspended from the practice of law for five years. The period of suspension shall commence on the date of entry of this opinion and order and shall continue until he is reinstated to the practice of law by this Court under SCR 3.510;

2) In accordance with SCR 3.450, Woods is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $223.96, for which execution may issue from this Court upon finality of this Opinion and Order; and

3) Under SCR 3.390, Woods shall, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his suspension from the practice of law; and furnish copies of all letters of notice to the Executive Director of the Kentucky Bar Association. Furthermore, to the extent possible, Woods shall immediately cancel and cease any advertising activities in which he is engaged.

LAMBERT, C.J.; McANULTY, MINTON, NOBLE, and WINTERSHEIMER, JJ., concur.

SCOTT, J., dissents in part by separate opinion in which GRAVES, J., joins.

ENTERED: December 21, 2006.

/s/ Joseph E. Lambert
Chief Justice

SCOTT, Justice, dissenting.

Although I agree with Counts I II and IV, I would dismiss Count II (making a false statement to a tribunal.) This charge was founded upon the respondent's filing for election to the office of Circuit Judge, which under Section 122 of the Kentucky Constitution, required him to be licensed to practice law in the courts of this Commonwealth, and a licensed attorney for at least eight years. At the time of his application for election, he had been temporarily suspended for failing to pay bar dues and for non-compliance with continuing legal education requirements—all of which were remedial.

The time to test for qualifications, however, is the time one takes office—not when one files. *Kirkpatrick v. Brownfield*, 97 Ky. 558, 559, 31 S.W. 137, 138 (1895); Ky. OAG 79–601 (1979). *See also Com. ex. rel. Buckman v. Miller*, 272 S.W.2d 468 (Ky.1954). Thus, there could be no false

statement. Otherwise, attorneys who do not meet all of the qualifications for office at the time of filing could never file and run for office, though they would be constitutionally qualified to hold the office once elected.

The majority opinion should not be so interpreted.

GRAVES, J., joins this dissent.