# Wheeling.

## GORRELL v. BIER.

Decided July 9, 1879.

A sheriff whose full term of office expired December 31, 1876, is eligible to fill a vacancy in the sheriffalty at an election held the second Tuesday of October, 1878 ; the third section of Art. IX of the Constitution only renders him ineligible to fill the *full* term of the sheriffalty beginning January 1, 1877.

*1879 June Term.*

Writ of error and *supersedeas* to a judgment of the circuit court of Pleasants county, rendered on the 28th day of November, 1878, in a proceeding on a writ of *certiorari,* in said court then pending, wherein Oliver Gorrell was plaintiff, and William E. Bier was defendant, granted on the petition of said Gorrell.

Hon. James M. Jackson, judge of the fifth judicial circuit, rendered the judgment complained of.

MOORE, JUDGE, furnishes the following statement of the case :

Oliver Gorrell, before the county-court of Pleasants county, at the November term, 1878, thereof, contested the right of William E. Bier to hold the office of sheriff for said county, to which said Bier claimed to have been elected, to fill a vacancy, at the general election held in said county on the 8th day of October, 1878. For the

purpose of such contest, said Gorrell filed the following notice of contest:

" To W. E. BIER, ESQ. :

" *Sir* :—You are hereby notified that before the county-court of Pleasants county, at the November term, 1878, I shall contest your election to the office of sheriff of the county of Pleasants, in the State of West Virginia, which election was held on the second Tuesday of October, 1878. The grounds and specifications of contest are as follows:

" *Ground First*. You were not qualified to be voted for by the voters of said Pleasants county at said election, on account of your being ineligible to hold said office if elected to fill it.

" *Specification First*. You were ineligible to hold said office at said election for this: That you held said office and discharged its duties as sheriff for an entire full term of four years, ending December 31, 1876, at which time the present full term began, and by the Constitution and laws of this State you are disqualified from holding the present term, or any part thereof.

" *Ground Second*. I was and you were not, according to the 3d section of Article IX of the Constitution, an eligible and legally qualified candidate to be voted for at said election. (See first specification).

" *Ground Third*. You procured the votes cast for you at the election held on the 8th day of October, 1878, by fraud, mal-conduct, false pretences and misrepresentations.

" *Specification Third*. You brought about and procured your election to said office of sheriff of said county by mal-conduct, misrepresentations and fraud in this : That in the year 1876, at divers times and places in said county of Pleasants, to divers persons, to-wit : To one William Carroll, Burr Triplett, Joseph Hubbs, J. R. M. Agnew, W. G. H. Core, Edmund Riggs, and to a large number of other persons to contestant unknown, legally qualified voters of said county, and persons who voted at an election held on the second Tuesday in October, 1876, for R.

T. Parker, then a candidate for the office of sheriff of said county, you told and represented to said' voters that if they, the said voters, would vote for and elect the said R. T. Parker, that the said R. T. Parker would fail and refuse to qualify and give the necessary bond, and by that means you could and would continue to hold and fill the office of sheriff of said county after the expiration of your full term ; and that by false representations, fraud and mal-conduct as an officer you caused a vacancy in said office of sheriff, and that at that time the said R. T. Parker was elected to said office by a majority of the votes cast at said election caused by your misrepresentations, and that he, the said R. T. Parker, did fail and refuse to qualify as such sheriff, and that you did attempt to exercise the functions of said office after the expiration of your term, and that a vacancy was created in said office by your fraudulent conduct in said election which made it necessary to fill the vacancy thus caused by you at the last general election, held October 8, 1878. I shall therefore claim that I am the legally elected candidate for the said office of sheriff, and am legally entitled to have, from the commissioners appointed at the court-house to examine and certify the result of said election, a certificate of the fact, as required by law, and any certificate given to you by said commissioners, I shall claim to have set aside and declared null and void. The acts and doings, false representations and mal-conduct by which you compassed and brought about your election at the time before specified and mentioned in the foregoing grounds of contest and specifications, were to my injury and prejudice, and contrary to law and justice. Wherefore I shall claim to have the facts of the same enquired into, the points of law arising under the same decided by the county-court of Pleasants county at the next term thereof, believing that when the same is done, that it will be shown that I have been legally elected to the office of sheriff of Pleasants county at said election, as being the person eligible to the office receiving the

1879
June Term.
Gorrell v. Bier.

highest number of votes, and am entitled to be qualified as sheriff of said county.

"Respectfully yours,

"OLIVER GORRELL.

"STATE OF WEST VIRGINIA,
    County of Pleasants, to-wit:

"Personally appeared before me, J. L. Knight, clerk of the county-court of the county aforesaid, Oliver Gorrell, whose name is signed to the foregoing notice, and made oath that the matters therein set forth, so far as they are stated on his own knowledge are true, and so far as they are stated on the information of others he believes them to be true.

"OLIVER GORRELL.

"Taken, sworn to and subscribed before me this 23d day of October, 1878.

"J. L. KNIGHT,
"Clerk County-Court Pleasants County, West Va."

"RETURN.—Served the within notice on W. E. Bier by delivering to him a true copy thereof on the 23d day of October, 1878.

"JOHN WATSON, C. P. C."

And thereupon the contestant, O. Gorrell, moved the court to docket his said notice, which motion, together with the order of the court docketing the same, is in the words and figures following to-wit:

"This day came the contestant, by his attorney, and filed his notice of contest containing the grounds and specifications relied upon by contestant to defeat the defendant's right to the office of sheriff of Pleasants county, under the election held on the second Tuesday in October, 1878, to which office the defendant had been, by the officers conducting the election at the court-house of said Pleasants county, declared elected as required by law, and on motion of said contestant, by his attorney, said notice was ordered to be docketed. And thereupon the said defendant, by his attorneys, moved the court to

quash the return of the officer serving said notice, upon the ground that said officer was not an officer authorized by law to make such service; which motion being argued by counsel and considered by the court, the same was overruled. The defendant, by counsel, then moved the court to quash the said notice and the grounds and specifications therein contained, upon the ground that the same was not sufficient in law to require the defendant to answer thereto; which said motion having also been argued by counsel and considered by the court, the same was overruled. And thereupon the defendant, W. E. Bier, filed here in court his counter-notice of defense and of grounds contesting the right of the said contestant to the office of sheriff under the election aforesaid; and Gorrell filed his reply to the counter-notice. As the counter-notice and the reply thereto are not material in the decision of the points involved in the cause, so far as the Supreme Court has to consider the case, they are omitted from this statement.

The county-court having heard the evidence, on the 13th day of November, 1878, made the following order:

" This day came again the parties, by their attorneys, and the court having heard the argument of counsel on the matters arising in this contest, and having maturely considered the case, and it appearing that the said William E. Bier, who on the 14th day of October, 1878, received from the commissioners appointed to conduct the election at the court-house of this county a certificate showing that at the said election held in said county on the 8th day of October, 1878, the said William E. Bier, for the said office of sheriff, received five hundred and ten votes, and the said Oliver Gorrell received four hundred and fifty-eight votes; and it also appearing that the said William E. Bier was elected on August 22, 1872, to the office of sheriff of said county for the term of four years, beginning on the 1st day of January, 1873, and ending on the 31st day of December, 1876, and that he qualified and gave bond, and entered upon and discharged

the duties of said office for said term next·preceding the present unexpired term, the court is of opinion that the said William E. Bier was, on the 8th day of October, 1878, ineligible to the said office of sheriff for the term ending December 31, 1880, or any part of such term. And thereupon the court doth consider and declare that the said William E. Bier, being so ineligible, was not duly and legally elected to the said office of sheriff of this county on the 8th day of October, 1878, and that he was then and there and is disqualified to hold· and discharge the duties of such office of sheriff for said term ending as aforesaid, and that his said election was and is void, and that the said office was not filled at and by said election. And the court doth further find and consider that each party pay his own costs, which the court ascertains to be $9.55 for the contestant, and $3.25 for the respondent.

"MEMORANDUM.—The defendant, W. E. Bier, tendered to the court his bill of exceptions to the entry of the foregoing judgment, which said bill was signed and saved to him and made a part of the record, and is in the words and figures following, to-wit:

### BILL OF EXCEPTIONS.

" Be it remembered, That upon the hearing of this cause, the contestant, to maintain and support said notice, proved the election of said Bier to the office of sheriff of Pleasants county for the term of four years, commencing on the 1st day of January, 1873, and ending December 31, 1876, and proved further, that the said Bier gave bond and took the oaths required by law, and entered upon said office and discharged the duties thereof during said term. He also offered in evidence the order of the president of the county-court appointing George S. Hammett to fill the vacancy occasioned by the failure of Robert T. Parker, who was elected sheriff of said county at the election held on the second Tuesday of October, 1876. Also gave in evidence the bond and qualification

of said Hammett, and proved that said Hammett entered upon the duties of said office under said appointment, and continued therein until September, 1877, when said Hammett resigned. The defendant to support his right to said office, offered in evidence the certificate made by the commissioners holding the election at the court-house, bearing date the 14th day of October, showing the election of the defendant W. E. Bier, to the office of sheriff of Pleasants county, at the election held in said county on the second Tuesday in October, 1878. Also an order of the president of the county-court of Pleasants county, appointing Oliver Gorrell sheriff of said county, to fill the vacancy occasioned by the resignation of Hammett, of date, September, 1877, also the certificate of qualification, and the bonds of Gorrell as such sheriff, and proved that Gorrell entered on and discharged the duties of said office under said appointment. Defendant also offered in evidence, to show that said Gorrell was ineligible to hold said office under the election of the second Tuesday of October, 1878, the report of George Kelsall and Robert Patterson, commissioners appointed to make the settlement with the sheriff of Pleasants county, (said report not being material for the adjudication of this cause by the Supreme Court, except in so far that it shows that the office of sheriff is worth more than $100.00 per year, is omitted from this statement.) And this being the evidence, said county-court gave the aforesaid judgment, November 13, 1878.

"Bier then applied to the circuit court, and had it to review the proceedings of the county-court in said cause, upon *certiorari*, upon consideration of which the circuit court, on the 28th day of November, 1878, gave the following judgment: 'This day came the parties by their attorneys, and the transcript of the record of the county-court of Pleasants county wherein the said Oliver Gorrell, contestant, was plaintiff, and the said W. E. Bier, respondent, was defendant, having been submitted to the court,

together with the arguments of counsel, it seeming to the court here that the said county-court erred in refusing to quash the notice of contest served by the said Oliver Gorrell, contestant, upon the said W. E. Bier contesting, the right of the said W. E. Bier to hold the office of sheriff of Pleasants county under the election for said office at the election held in said county on the second Tuesday in October, 1878 ; it is therefore considered by the court that the judgment of the said county-court in favor of the said Oliver Gorrell against said W. E. Bier upon the said motion be reversed and annulled ; and the court here proceeding to enter such judgment as should have been entered by said county-court, doth quash said notice and each specification thereof, and dismiss said notice with costs.    It is therefore considered by the court that the said W. E. Bier recover of the said Oliver Gorrell his costs expended."

To this judgment Gorrell obtained a writ of error and *supersedeas.*

*John A. Hutchinson,* for plaintiff in error, cited the following authorities :

Acts 1872–3, p. 354 §30 ; Const. Art. IX, §3 ; Acts 1872–3, ch. 118, §2 ; Acts 1875, ch. 66, §2 ; Brightly L. C. Elec. 320 ; 6 W. Va. 613 ; 1 Chit. Pl. (Am. ed.) 256, 257 ; L. R. 6 Exch. 76 ; 65 Pa. St. 20 ; 15 W. Va. 234; Code ch. 71, §11 ; 1 Tidd's Pr. 400 ; Bac. Ab. *"Certiorari"* A; Burr. L. Dict. *Ad Verbum* ; Acts 1877 ch. 44, §1, clause Acts 1872–3 ch. 15, §3, ; 2 W. Va. 422 ; 4 W. Va. 371 ; 1 ; 10 W. Va. 180 ; 20 Mich. 168 ; 7 Yerg. 21.

*J. B. Jackson,* for defendant in error, cited the following authorities :

Acts 1877, ch. 44, p. 52 ; 9 W. Va. 249 ; 2 W. Va. 422 ; 4 W. Va. 371 ; 10 W. Va. 180 ; 2 Penon 537 ; *Id.* 553 ; 6 W. V. 613 ; 4 Leg. News 227 ; 15 Mo. 3 ; Const. Art. VII, §4 ; Code ch. 131, §9 ; 2 Leigh 548.

Moore, Judge, delivered the opinion of the Court :

1879
June Term.

Gorrell v. Bier.

It was contended in argument, that this Court has no jurisdiction to review the judgment of the circuit court rendered in this cause. That question was settled by this Court at the last special term, in the contested election case of *Dryden* v. *Swinburn*, where it was held that "the judgment of a county-court may be brought up for review to the circuit court, in a proper case, by writ of *certiorari*, but under our statutes the proper mode of bringing up any judgment or order of a circuit court, in controversy between parties, for review by the Supreme Court of Appeals, when such judgment or order is not in a chancery proceeding, is by writ of error." The subject was so elaborately considered by Judge Green in delivering the opinion in that case, that it renders it unnecessary to discuss the question farther than to refer to that case.

The plaintiff in error insists that the circuit court erred in quashing the notice of contest.

Section 30 of ch. 118, Acts 1872–3, declares : "In all contested cases the county-court shall be the judge of the election, qualification and returns of its own members, and of all county and district officers. Any person intending to contest the election of any officer enumerated above, shall within ten days after the result of such election is declared, give him notice in writing and a list of the votes he will dispute, with his objection to each, and of the votes rejected for which he will contend. *If the contestant object to the legality of the election, or the qualification of the persons returned, the notice shall set forth the facts on which such objection is founded, &c."*

In the case of *Dryden* v. *Swinburn*, this court substantially held, that, where the ground of the contest was only the want of qualification to hold the office by the party returned as elected, it is sufficient that the notice should show that the person giving the notice was a candidate for the office at the election, and set forth the facts on which he based his objections to his opponent

holding the office. Of course, to make the notice good, the facts set forth must be sufficient, if sustained by proof, to render it the duty of the court either to vacate the election, or to declare that another person than the one returned was duly elected.

Waiving any question about the manner in which the facts are set forth in this notice, or as to the precision with which they are stated, we will enquire whether they are within themselves, if true, sufficient either to vacate the election, or to render it the duty of the court to declare the contestant as duly elected. The only facts stated in the notice to show that the defendant in error was ineligible to hold the office to which he had been elected on the second Tuesday of October, 1878, were "that he had held said office and discharged its duties as sheriff for an entire full term of four years ending December 31, 1876, at which time the present full term began." The notice showing that the election contested was held on the second Tuesday of October, 1878, this court will take judicial notice of the fact, that this was not the election to fill the *full* term next succeeding the *full* term which ended December 31, 1876, but must have been an election to fill a vacancy of about the last half of said full term. The first clause of article IX., §3, Constitution, ordains that: - "The same person shall not be elected sheriff for two consecutive *full* terms." This is the provision of the Constitution that the contestant insists rendered the defendant in error ineligible to the office at the election in October, 1878, to fill the vacancy. It is inferred from the argument of the contestant's counsel by the stress he seems to put upon the word *"for"* that he interprets that word as meaning, or equivalent to, *"during"*, and interprets this clause of the Constitution as rendering the sheriff ineligible to re-election to the office during the period of four years next succeeding the termination of a full term of the office to which he had been elected. Had such been the intention of the framers of the Constitution, they would have used

language as definite and significant as that used in the 4th section of Article VII of the Constitution which ordains, that: "The governor shall be ineligible for said office for the four years next succeeding the term for which he was elected."

The construction sought to be put upon the 3d section of Article IX, ·by the learned counsel for plaintiff in error, destroys all force intended to be given to the emphatic words "*consecutive*" and "*full.*" The defendant in error has not been elected to two "*consecutive*" terms, a period of two years having elapsed since the termination of his *full* term before his second election; neither has he, in the language of the Constitution been elected now for a "*full*" term, but only to fill a vacancy of the last half of a term, the first half having been filled by others. The apparent object of the provision was to prevent the sheriff from holding the office continuously, by compelling him to go out of office at the end of a full term, the probable object of which was to prevent him from prostituting the office for the purposes of a re-election. The facts as stated in the notice therefore, do not, in my judgment, either in the letter or spirit of the Constitution, present a case of disqualification to holding the office; on the contrary the facts as alleged in the notice, show that Bier was qualified to hold the office by being elected to fill a vacancy occuring two years after he had ceased to be sheriff for a *full* term.

The only other facts stated in the notice, are that in the year 1876, Bier induced certain persons to vote for R. T. Parker, then a candidate for the office of sheriff, by representing to them that said Parker if elected would not qualify, and he, Bier, would continue to hold the office after the expiration of his full term; and Parker having in fact failed after his election to qualify, it became necessary to fill said vacancy by the election held in October 1878. There is no allegation in the notice that Bier held over in office until October, 1878, the

1879
June Term.

Gorrell v. Bier.

allegation being simply that "he attempted to exercise the functions of the said office after the expiration of his said term." These facts furnish no legal ground for vacating the election held in 1878. Therefore, as the notice furnished no facts which could render it the duty of the court to vacate the election of Bier, or declare the contestant, Gorrell, duly elected, the circuit court properly quashed the notice and each specification thereof, and dismissed the case with costs.

Therefore the judgment of the circuit court of November 28, 1878, must be affirmed and the defendant in error, Bier, must recover from the plaintiff in error, Gorrell, his costs in this Court expended.

THE OTHER JUDGES CONCURRED.

JUDGMENT AFFIRMED.