Brown v. Goben, Auditor.

No. 14,052.

BROWN v. GOBEN, AUDITOR.

OFFICE AND OFFICER.—*Defalcation.—Ineligibility for Re-Election.—Petition by Competitor.—Time of Filing.*—A petition by one of the competitors for the office of auditor, at a general election, against the other, asserting a claim to the office on the ground of his competitor's ineligibility through being a defaulter when previously the incumbent of the office, is prematurely filed, if filed before the time for his induction into office.

SAME.—*Disqualification.—When Must Exist.—Ineligibility When Elected.*—The disqualification must exist at the time the term of office begins, the right of the claimant not being affected by the fact that at the time of his election he was ineligible.

From the Montgomery Circuit Court.

*W. T. Brush, B. Crane* and *A. B. Anderson,* for appellant.

*J. Wright, J. M. Seller, T. F. Davidson* and *F. M. Dice,* for appellee.

ELLIOTT, J.—The appellant and the appellee were competitors for the office of auditor of Montgomery county at the general election held in November, 1886, and the latter received a majority of all the votes cast at that election. On the 13th day of the month in which the election was held, the appellant filed his petition asserting his claim to the office, and averring that he was eligible and that his competitor was not. The ground upon which the eligibility of the appellee is denied is, that he had previously held the office and was a defaulter, in that he had wrongfully converted to his own use funds of the county to the amount of $6,311.07, which he failed and refused to pay over as the law requires. The court below sustained a motion to dismiss the proceeding, and upon this ruling the only question for our consideration is presented.

The appellee's position is, that the petition was prematurely filed for the reason that it was filed before the time for the appellee's induction into office, and that his ineligibility at the time of his election is immaterial, inasmuch as the ineligibility that prevents his entering the office must exist at the time fixed for his term to begin.

The case of *Smith* v. *Moore*, 90 Ind. 294, supports the appellee, for it is there decided that the cause which disqualifies must. exist at the time the claimant's term begins, and that his right is not affected by the fact that at the time of his election he was ineligible. The writer, at the time the decision referred to was rendered, dissented and gave his reasons for his dissent, and further investigation has strengthened him in his conviction that the decision is erroneous. But it is better that the decision be adhered to (especially as it has been tacitly approved) than that uncertainty or confusion should be produced by overthrowing it. *City of Indianapolis* v. *Huegele*, 115 Ind. 581; *Vogel* v. *State, ex rel.*, 107 Ind. 374. We conclude, therefore, that it must be held to be the settled law of this State that the disqualification must exist at the time the term of office begins, and that the right of the claimant is not affected by the fact that at the time of his election he was ineligible. The decision in *Smith* v. *Moore, supra,* goes much beyond what we need do in this instance. The constitutional provision here involved may, with much less difficulty, be held to apply to the time of induction into office than can that which received construction in *Smith* v. *Moore, supra.* That provision reads thus : " No person who may hereafter be a collector or holder of public moneys shall be eligible to any office of trust or profit until he shall have accounted for and paid over, according to law, all sums for which he may be liable." Article II, section 10.

It is true, as counsel suggest, that the constitutional provision produces singular and anomalous results, but we must give effect to it as it is written, for constitutions can not be changed in the slightest degree by the courts ; on the con-

trary, their language must be regarded as mandatory, and every word must be given effect. It is also true that the statute which provides that petitions in contested election cases shall be filed within ten days after the election can not be given effect in such a case as this, but that does not authorize the courts to disregard the provisions of the paramount law. Counsel are in error in assuming that where the person who receives the highest number of votes is a defaulter, he can not be evicted from office. There is a remedy for such cases, not by a statutory contest, but by an information in the nature of a *quo warranto. Jones* v. *State, ex rel.,* 112 Ind. 193; *Griebel* v. *State, ex rel.,* 111 Ind. 369; *Vogel* v. *State, ex rel., supra; State, ex rel.,* v. *Long,* 91 Ind. 351; *State, ex rel.,* v. *Bieler,* 87 Ind. 320.

Judgment affirmed.

Filed Feb. 8, 1890.