## Jones v. Williams.

(Decided May 20, 1913.)

### Appeal from McCreary Circuit Court.

1. Officers—Claimant of Office—Injunction Will not Lie to Enable Claimant to Obtain Possession of—Performance of Duties of.—Injunction will not lie to enable a mere claimant of an office to obtain possession of it, but will lie in behalf of the rightful incumbent of an office to prevent an outsider, whether a claimant of it or not, from interfering with his performance of the duties thereof.

2. Officers—Eligibility—Must be Eligible When Entitled to Qualify—Section 237, Constitution, does not require that one elected to the office of County Judge shall be eligible to the office when elected, but eligible, when entitled to qualify and enter upon the performance of the duties of the office.

3. Officers—Vacancy in Office—Election to Fill.—One elected to fill a vacancy in the office of County Judge is entitled, upon receiving his commission, to qualify and enter upon the performance of the duties of the office; and upon his qualification an incumbent, by appointment, of the office must surrender it to him.

L. G. CAMPBELL, O'REAR & WILLIAMS and McQUOWN & BECKHAM for appellant.

DENTON & FLIPPIN for appellee.

Opinion by Judge Settle—On Motion of Plaintiff to Reinstate a Temporary Injunction Dissolved by the Circuit Judge.

The allegations of the plaintiff's petition fail to show him entitled to retain the office of County Judge of McCreary County, or that the defendant is wrongfully interfering with his performance of the duties thereof, as alleged. The validity of the election under which the defendant asserts title to the office of county judge in and for the County of McCreary, having been sustained in McCreary v. Williams, 153 Ky., 49, that question will not again be inquired into; and while it is true that he was postmaster at the time of his election and he could not have continued in that office and at the same time have held that of County Judge of McCreary County—the two offices being incompatible under the State Constitution, section 237—his resignation as postmaster having taken place before his commission as county judge was received, the commission when received perfected his title to the latter office and gave him immediate right to qualify and enter upon the performance of his duties.

The section of the Constitution, *supra,* does not in words or meaning require that the defendant should have been eligible to the office at the time of his election, but eligible when entitled to qualify and enter upon the performance of the duties of the office. Kirkpatrick v. Brownfield, 97 Ky., 558; DeTurk v. Com., 129 Pa. St., 151, 15 Am. St. Rep., 705.

The defendant having been elected to fill a vacancy, was not required to qualify on the first Monday in January following his election, but could do so after receiving his commission. When so entitled to qualify, and upon his doing so, it was and will be the duty of the plaintiff, who was a mere appointee, to surrender to him the office of County Judge and the records, furniture and property thereof. Jones v. Sizemore, 117 Ky., 810. The defendant's commission, which was obtained only by mandamus proceedings, was not received by him until April 26, 1913. Before that date he had tendered to the clerk of the McCreary Circuit Court, a bond with sufficient surety and offered to take the oath of office as county judge. The clerk, however, refused to accept the bond or administer to him the oath. But, waiving consideration of the question whether this tender of a bond and offer to take the oath was or not premature, certain it is that on the 28th of April, two days after defendant received his commission, he again went before the Circuit Clerk, tendered his bond and offered to take the oath of office. The clerk refused to accept the bond or administer the oath, because the sureties in his official bond objected to his doing so. As it is admitted the sureties in the bond tendered April 28, are solvent and satisfactory, the clerk erred in refusing to accept it, and also in refusing to administer to the defendant the oath of office required of a county judge. It is his duty to yet accept the bond and administer the necessary oath and both these duties must be forthwith performed by him, that defendant may at once enter upon the discharge of his duties as County Judge.

It is also the duty of the plaintiff Jones to surrender to the defendant the office in question, its records, furniture and other property, so soon as his bond shall have been accepted and he has taken the oath of office. Plaintiff has no further right to the office of county judge, nor had he any such right when his injunction was issued. Wilson v. Tye, 126 Ky., 34; Harrison v. Stroud, 129 Ky., 193.

The circuit judge was clearly within the law in dissolving the injunction.

For the reasons indicated the motion of plaintiff to reinstate the injunction is overruled. Judges Hobson, Carroll, Lassing and Turner, who sat with me in hearing and considering the motion, concur in the conclusion expressed in the opinion.