STATE, EX REL. SAMUEL R. MCKELVIE, APPELLANT, V. ADDISON WAIT, SECRETARY OF STATE, APPELLEE.

FILED APRIL 17, 1914. No. 18,479.

States: EXECUTIVE OFFICERS: ELIGIBILITY. The constitutional provision that "none of the officers of the executive department shall be eligible to any other state office during the period for which they shall have been elected," makes the lieutenant governor, during the term for which he was elected, ineligible to be elected to the office of governor for the succeeding term. Const., art. V, sec. 2.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE.   *Affirmed.*

*W. T. Thompson*, for appellant.

*Grant G. Martin, Attorney General, George W. Ayres* and *Frank E. Edgerton, contra.*

PER CURIAM.

Relator is the present lieutenant governor of the state. Desiring to become the republican party's candidate for governor at the next general election, he requested the secretary of state to place his name on the official ballot for the primary election to be held August 18, 1914. This the secretary of state declined to do, on the sole ground that relator, being the present lieutenant governor, is ineligible to be elected governor for the two-year term beginning in January, 1915. The course taken by the secretary of state is based on his interpretation of the following constitutional provision: "None of the officers of the executive department shall be eligible to any other state office during the period for which they shall have been elected." Const., art. V, sec. 2. The secretary of state defines the word "eligible" as "capable of being elected," and argues that, since relator was elected lieutenant governor for the two-year term ending in January, 1915, he cannot, during that term, be elected governor, another state office, at the general election in November, 1914. This is an application to the district court for a writ of mandamus commanding the secretary of state to comply with relator's request for a place on the official primary ballot. A demurrer to the application was sustained and the action dismissed. Relator has appealed.

Relator was elected lieutenant governor for the term of two years "from the first Thursday after the first Tuesday in January," 1913. Const., art. V, sec. 1. Is he eligible to the office of governor for the term of two years "from the first Thursday after the first Tuesday in January," 1915? The answer depends upon the meaning of the constitutional provision that "none of the officers of

the executive department shall be eligible to any other
state office during the period for which they shall have
been elected." In constitutions and statutes, the use of the
word "eligible" in connection with an office has often been
discussed by the courts. Authority is divided. To what the
courts have already said on the subject, little new matter
can be added.

There is abundant authority for the rule that ineligi-
bility to office extends to the capacity to be elected. *State
v. Clarke*, 3 Nev. 566; *Roane v. Matthews*, 75 Miss. 94, 21
So. 665; *Taylor v. Sullivan*, 45 Minn. 309; *Finklea v. Par-
ish*, 160 Ala. 230, 49 So. 366; *State v. Howell*, 70 Wash.
467, 41 L. R. A. n. s. 1119. This court is committed to
the doctrine announced in the cases last cited. *State v.
Moores*, 52 Neb. 770, 801; *State v. Boyd*, 31 Neb. 682;
*State v. McMillen*, 23 Neb. 385. The interpretation was:
"The word 'eligible' relates to the capacity to be elected
or chosen to office, as well as to hold office." In the dis-
senting opinion it was also said: "We think the greater
number of the adjudicated cases, as well as the decided
weight of authority, sustain the proposition that the word
'eligible' means both competent or capable of being elected
to office, and competent or capable of holding office.
* * * Not one of the cases reviewed above is authority
for the contention made here that the word 'eligible' found
in our constitution refers solely to legal qualification to
hold office. Nor, after a somewhat protracted examina-
tion, have I been able to find any case where the word
'eligible' was given such a construction when used in a
law or constitution like ours." *State v. Moores*, 52 Neb.
770, 801. Without departing from this rule, it cannot be
held that relator is eligible, or that he is entitled to a place
on the primary ballot. There being reason and authority
on both sides of the question presented, no sufficient ground
has been suggested for changing the rule to which this
court is committed. It follows there is no error in the
proceedings below, and the judgment is

AFFIRMED.

REESE, C. J., not sitting.

HAMER, J., (Concurring in conclusion only).

I concur in the conclusion because the opinion is based upon the former decisions of this court. If the question were a new one I should be in favor of a different determination of the case, and I am inclined to the belief that the former opinions, in the interest of public policy and a fair construction of the language used, should be overruled. I have glanced into the opinions of some of the other courts and find that they rest upon different constitutional provisions than those contained in our constitution. The meaning to be given to the word "eligible" depends upon the connection in which it is used. If it is used in connection with *holding an office,* then it means eligible to *hold an office* and it does not mean something else. The language "None of the officers of the executive department shall be eligible to any other state office during the period for which they shall have been elected" would seem to mean ineligible to hold the office *during such period,* but not to forbid an election of the proposed officer for *another* and *different period* for which he was *not* elected. The power of the voter to nominate and elect his choice should not be restricted beyond the clear import of the language used.