## CHARLESTON.

STATE *ex rel.* J. M. PHILLIPS *v.* W. W. HEATHERLY *et als.*

(No. 5681)

Submitted September 7, 1926.   Decided September 14, 1926.

1. ELECTIONS—*Board of Election Canvassers 'Has no Power to Inquire and Determine Right of Candidate to Office Voted for on Official Ballot, on Own Motion, or on Motion of Present Incumbent, Who Was Not Candidate on Official Ballot (Code, c. 3, §§ 68-71).*

    The powers and duties of a board of canvassers of an election are prescribed in Secs. 68, 69, 70, 71, Chap. 3, Code, and while sitting as such it has no power to inquire into and determine the right of a candidate to the office voted for on the official ballot, upon its own motion, or upon the motion of the present incumbent of the office who was not a candidate on the official ballot.   (p. 115.)

2. MANDAMUS—*Where Board of Election Canvassers Found Candidate Received Highest Number of Legal Votes, But Refused to Issue Certificate, That Then Incumbent, Who Was Not Candidate for Re-election, Objected to Issuance of Certificate on Ground That There Was no Vacancy in Office is no Defense to Mandamus to Compel Issuance of Certificate (Code, c. 3, §§ 68-70).*

    Where the board of canvassers has ascertained the result of an election lawfully held and has found that a candidate on the official ballot has received the highest number of the legal votes cast, but refuses to issue him a certificate of the result as prescribed by the statute, it is no defense to an alternative writ of mandamus to compel the issuance of the certificate, that the then incumbent of the office who was not a candidate for re-election appeared before it and objected to the issuance of the certificate on the ground that there was no vacancy in the office.   (p. 118.)

Error to Circuit Court, Barbour County.

Proceeding by the State, on the relation of J. M. Phillips, for mandamus, to be directed to W. W. Heatherly and others. Judgment for the petitioner, and defendants bring error.

*Affirmed.*

*Wm. T. George,* for plaintiffs in error.
*C. M. Murphy* and *D. D. Stemple,* for defendant in error.

LIVELY, JUDGE:

This is a mandamus proceeding by J. M. Phillips to compel the County Court of Barbour County, and as such, *ex officio* members of the board of canvassers of that county, to meet and declare the petitioner elected as president of the board of education of Cove District, Barbour County, and to issue to him a certificate of election for that office. The other candidates for the presidency of the board of education and the present incumbent, George H. Coffman, were made parties defendant to the alternative writ. The circuit court granted petitioner the relief prayed for, and it is to this judgment that the plaintiffs in error, the members of the board of canvassers and George H. Coffman, obtained this writ.

In their return to the petition and alternative writ, the plaintiffs in error contend that petitioner should be denied a writ of mandamus, because while it may be true that Phillips was the democratic nominee for president of the board of education of Cove District at the November, 1924 election, and while it may be true that his name appeared upon the ballot used in that election and he may have received the highest number of votes cast for any candidate, yet under our statute law it was the duty of the voters of Cove District to have elected a president of the board of education for said district at the general election held in November, 1922, for a term of four years to begin on July 1, 1923, and until his successor was elected and qualified; that no president of the board of education was elected at that time; that no vacancy has been declared in said office by any competent authority; that respondent George H. Coffman is now acting as the president of said board of education, having been elected to that office at the general election held in November, 1920; that if a vacancy existed in said office prior to the general election held in November, 1924, then there was nothing upon the ballot to show whether petitioner Phillips was a nominee for the long or short term, and therefore respondents could not determine for what term he had been elected; (2) respondent Coffman having appeared before the board of canvassers and having objected and excepted to the board declaring the result of the votes cast for the office in question,

and having tendered his petition for an appeal to the circuit court of Barbour County, which appeal was granted, the case is now pending before that court—a court of competent jurisdiction.

The respondents also filed a demurrer to the petition, but the action of the court in overruling the demurrer cannot be considered on this appeal, because the petition in a mandamus proceeding not being a pleading, its sufficiency cannot be tested by demurrer. *Fisher* v. *City of Charleston*, 17 W. Va. 595; 38 C. J. Sec. 629, pages 899-900.

It is uncontroverted that petitioner Phillips received the highest number of votes cast for the office of president of the school board of Cove District, and had not Coffman, the present incumbent, who was elected thereto in 1920, and claims the right to hold over until a successor is regularly elected, objected, it is probable that the board of canvassers would have issued the certificate of election to Phillips. But after they had overruled Coffman's objection, and his subsequent appeal to the circuit court, the board refused to proceed further in the matter, evidently taking the view that any future action by them should be deferred until the result of the appeal was determined.

Even if it should be granted that the election of November, 1924 was ineffective in so far as it concerned the election of a president of the board of education of Cove District, yet the question arises, what right had Coffman who was not a candidate for the office, but who claims the right thereto by reason of his election in 1920 and his subsequent holding over, to appear before the board of canvassers and question the legality of holding an election for that office in 1924? Is the board of canvassers a proper forum before which to try title to office? We think not. It being determined that Phillips had received the highest number of votes for the office, it became the duty of the board to certify that result. Secs. 68, 69 and 70, Chap. 3, Code; 20 C. J. Sec. 255, page 200. It was not their duty as a board of canvassers to decide whether or not the office of president of the board of education for Cove District was properly put upon the ballot to

be voted upon at the Nov. 1924 election. 20 C. J. Sec. 264, page 205. The ballot for that election did contain the names of candidates aspiring to that office. That was sufficient authority to the board of canvassers to certify the result of the ballots cast for the respective candidates. And this being true, the appeal to the circuit court by Coffman could not affect their duty to issue the certificates of election to the person entitled thereto as disclosed by their canvass of the returns. The circuit court was without jurisdiction to entertain the appeal sought by Coffman.

The return does not state a legal defense to the alternative writ, and the judgment of the circuit court is affirmed.

*Affirmed.*