In the Matter of the Application of HARRY KILBURN, Supervisor of the Town of Red House, County of Cattaraugus, Petitioner, to Compel the Delivery of Books and Papers, Money and Property in the Possession of J. HOMER CARR, Respondent.

Supreme Court, Cattaraugus County, January 11, 1936.

*Dowd & Shane* [*G. Sydney Shane* of counsel], for the petitioner.

*Quigley & Vedder* [*Cornelius J. McCarthy* of counsel], for the respondent.

HARRIS, J.    This proceeding is brought by virtue of section 80 of the Public Officers Law to obtain an order requiring the respondent to deliver to the petitioner all books, papers and other property belonging or appertaining to the office of the supervisor of the town of Red House, county of Cattaraugus.    At the general election held for said town for the year 1935 the petitioner, the respondent and one John W. Sharpe were candidates for the office of supervisor in the town, and a canvass of the vote at such election showed the following result: Total number of votes, 187, of which the petitioner

received 68, the respondent, who was the then incumbent, received 61, and the said candidate Sharpe received 58. There is before the court on this proceeding a certificate of the four justices of the peace of the town certifying the election of the petitioner herein to said office, and a certificate of the county clerk of the county of Cattaraugus to the effect that the town clerk of the town of Red House has filed with him a statement that the petitioner herein was duly elected to the office of supervisor at the election above mentioned.

On his return to the petition the respondent herein claims, *first*, that this court should not take cognizance of this proceeding because there is no proper proof before the court of the election of the petitioner to such office of supervisor, and, *second*, that said petitioner is not eligible to such office because at the time of the election held in November, 1935, the petitioner was a school trustee of School District No. 1 of the town of Red House. The facts in reference to this latter claim are that at the time of such election the petitioner was a school trustee of the said district in said town and that subsequent to such election and prior to taking the oath of office as supervisor and filing his bond for the office of supervisor, he resigned the office of school trustee of the town.

In reference to the first claim it is necessary in a proceeding of this nature that the petitioner present to the court *prima facie* proof of his election to the office of supervisor. This court holds that such *prima facie* proof has been offered to the court by the undisputed proof that the petitioner received the highest number of votes cast for any candidate at the election and by the certificate of the county clerk concerning the filing by the town clerk of the result of such election for supervisor.

In reference to the second claim, that of ineligibility for office, the respondent cites the provisions of the present Town Law, section 23, which, so far as they are pertinent to this proceeding, are quoted as follows: " No * * * trustee of a school district shall be eligible to the office of supervisor." This section was preceded by section 81 of the old Town Law, and the language of such section 81 of the old Town Law was exactly the same as that above quoted as now contained in section 23 of the present Town Law.

In *People* v. *Purdy* (21 App. Div. 66; affd., 154 N. Y. 439, which was an action in quo warranto) it was held that a person who was a trustee of a school district in a town at the time of the election was not eligible to be a candidate for supervisor of a town at such election. Subsequent to the decision in *People* v. *Purdy* (*supra*) section 149 was added to the Education Law, and such section 149 was amended and became section 232 of the Education Law in

1910. This section of the Education Law still remains in the statutes of the State and contains the following provision:

" § 232. Vacating office. * * * (3) A trustee * * * vacates his office by the acceptance of either the office of school commissioner or supervisor."

After this section of the Education Law became effective the question now before us and similar to the question decided in *People* v. *Purdy* (*supra*) was again before the courts in *People ex rel. Martin* v. *Kenyon* (152 App. Div. 898; affd., 207 N. Y. 692). In the *Kenyon* case, although Kenyon had been a school trustee at the time of the election for supervisor and had resigned before endeavoring to qualify as supervisor, the courts held that in view of the provisions of section 232 of the Education Law above quoted, although a school trustee in the town for which he sought election as supervisor, Kenyon was qualified to be a candidate at election for supervisor and qualified himself to take office as supervisor by resigning his office as school trustee after such election. This must be regarded as the law of today and applicable to this case unless the enactment of the new Town Law which took place in the legislative session of 1933, and which law became effective as a statute January 1, 1934, repealed by implication section 232 of the Education Law. The respondent herein urges that such repeal by implication took place when the new Town Law became of effect on January 1, 1934. The courts are and must be chary in holding that a statute is repealed by implication.

" The leaning of the courts is so strong against repealing the positive provisions of a former statute by construction as almost to establish the doctrine of no repeal by implication." (*Davis* v. *Supreme Lodge, Knights of Honor*, 165 N. Y. 159, 166, cited and applied in the dissenting opinion in *People ex rel. Martin* v. *Kenyon*, 152 App. Div. 898, at p. 900.)

A study of the new Town Law, the report of the joint legislative committee which drafted such law, and the article upon the work of such committee written by its counsel, Frank C. Moore, July 1, 1933, all lead this court to the conclusion that in enacting section 23 of the new Town Law the Legislature simply recodified the old Town Law in so far as the largest part of such old Town Law, including former section 81, is concerned, and did not intend to repeal section 232 of the Education Law. In view of this, the court finds controlling in this case the rule laid down in *People ex rel. Martin* v. *Kenyon* (*supra*) and holds that the eligibility of the petitioner should be considered as of the time at which he endeavored to qualify for the office of supervisor and not as of the time of election.

The petitioner is entitled to the order for which he prays.