STATE OF WEST VIRGINIA *ex rel.* BRUCE T. CLAYTON *v.* C. A. NEAL *et al.*

(No. 9122)

Submitted September 25, 1940. Decided October 8, 1940.

*Lee, Blessing & Steed,* for relator.
*Kay, Casto & Amos,* for respondent.

Fox, Judge:

Bruce T. Clayton invokes the original jurisdiction of this Court in mandamus, seeking to compel the Board of Canvassers of Putnam County to declare him the nominee of the democratic party for the office of prosecuting attorney of said county, on the ground that respondent, William J. Thompson, although having received a plurality of the votes cast for said nomination was not legally a candidate and not entitled to have counted for him any of the votes he received in the primary election held on the 14th of May, 1940.

The undisputed facts are as follows: The relator, Bruce T. Clayton, and J. E. Billups were candidates in the democratic primary election for the office of prosecuting attorney, having filed proper certificates of announcement. On April 14, 1940, under the circumstances hereinafter to be noted, a certificate of announcement for the same office was mailed and thereby treated as filed in the office of the Clerk of the Circuit Court of Putnam County by the respondent, William J. Thompson. This certificate was dated the 26th day of March, 1940, and purported to be acknowledged before W. E. Thompson, a notary public, and, accepting the said certificate as legal and proper, the name of Thompson was placed upon the ballot as a candidate for the office of prosecuting attorney, with Clayton and Billups. The result of the election was that Thompson received 1327 votes, the relator Clayton 1276 votes, and J. E. Billups approximately 600 votes, the final result being ascertained after a recount of the ballots, and a certificate of nomination, signed by the Clerk of the County Court of Putnam County, was, on June 18, 1940, issued to the said Thompson.

Notwithstanding the apparent regularity of Thompson's certificate of announcement, the facts are that on the 26th day of March, 1940, in Charleston, Thompson told his

sister, Ruth Mary Thompson, that he expected to be a candidate for the nomination for the office of prosecuting attorney in his County of Putnam, and then asked her to get a certificate of announcement, sign his name thereto, and hold the same until such time as he would direct it to be filed. At some time a blank certificate was obtained by Miss Thompson, and the name of William J. Thompson was signed thereto in Putnam County on the 14th day of April, 1940. On that occasion Miss Thompson made a telephone call to her brother, then a law student at the West Virginia University at Morgantown, West Virginia, and then in that city, which is in Monongalia County, and asked him if he desired to become a candidate. Being told that he did, he authorized her to sign his name to the announcement, which she did, and W. E. Thompson, the father of William J. Thompson, being present during this telephone conversation, then, over the telephone, took his son's acknowledgement to the signature on the announcement and certified the same as a notary public. All the parties to these conversations testify as to recognition of voice, and what then occurred is confirmed by subsequent statements of William J. Thompson. Instead of dating the certificate on the day of the conversations, it was dated on the 26th day of March, the date when authority to sign the name of William J. Thompson was first given to his sister. The certificate was mailed on the evening of April 14. Clayton contends that by reason of the failure to properly acknowledge the certificate of announcement Thompson never legally became a candidate for the office of prosecuting attorney, and that he, Clayton, receiving the next highest number of votes therefor, is entitled to the nomination.

Other grounds of objection to the candidacy of Thompson are that the certificate of announcement was not filed thirty days before the date of the primary election; and that at the time it was filed and at the time of the primary, Thompson was not entitled to practice law in the courts of this state, and was, therefore, ineligible to be a candidate for the office of prosecuting attorney.

In our view of the case, it is unnecessary to consider these objections in great detail. Suffice it to say that we think the filing of the certificate is controlled by Code, 2-2-3, which provides that "The time within which an act is to be done shall be computed by excluding the first day and including the last; or if the last day be Sunday, it shall also be excluded * * *". The Court takes judicial notice that the primary election was held on Tuesday, the 14th day of May, 1940. The question of the eligibility of Thompson to perform the duties of the office he sought must be determined as of the date when he would enter upon the duties of his office, if elected, to-wit, the 1st day of January, 1941, and it is in evidence that he is now a regularly licensed attorney at law in the courts of this state. Hence the question becomes moot. Whether or not the acknowledgment of the certificate of announcement, taken over the telephone, was valid is more serious, but a decision on this question is not, under the special circumstances of this case, called for at this time.

It is obvious that unless the Board of Canvassers of Putnam County had jurisdiction to pass upon the questions of the validity of the announcement of Thompson and his eligibility to hold the office he sought, the peremptory writ of mandamus must be denied. This Court will not compel a public body to perform an act which it would not have jurisdiction to perform if it had voluntarily sought to do so. We think it the established rule in this state that the jurisdiction of a board of canvassers does not extend beyond the canvass and certification of the returns of the election. In *State ex rel. Sizemore* v. *Hunter*, 86 W. Va. 544, 103 S. E. 678, it was held, "The sole jurisdiction of such board (board of canvassers) is to canvass the returns which the law requires election officers to make to them and to declare the result as shown on the face thereof." In *State ex rel. Phillips* v. *Heatherly*, 102 W. Va. 116, 134 S. E. 594, 595, it was held, "It was not their duty as a board of canvassers to decide whether or not the office of president of the board of education for Cove District was properly put upon the ballot to be voted

upon at the Nov. 1924 election. * * * The ballot for that election did contain the names of candidates aspiring to that office. That was sufficient authority to the board of canvassers to certify the result of the ballots cast for the respective candidates." In *Varney* v. *County Court of Mingo County,* 102 W. Va. 325, 135 S. E. 179, this Court held, "A county court sitting as a canvassing board, has no authority to pass on the eligibility of candidates." These cases would seem to be decisive on that point.

It is contended, however, that a board of canvassers has the right to refuse to count illegal votes, and there is authority for that proposition. It has been held, for example, that ballots not properly endorsed by both election clerks may be designated by boards of canvassers and the result ascertained after refusing to count such ballots. *Kirkpatrick* v. *Deegans,* 53 W. Va. 275, 44 S. E. 465; *Goff* v. *Board of Canvassers,* 56 W. Va. 675, 49 S. E. 588. We do not think this rule applies to a situation where the name of a candidate has been placed upon the ballot by the ballot commissioners, and no irregularity appears on the face of the ballot. This view was clearly expressed in *Phillips* v. *Heatherly, supra.*

There is another element in the case which would deny the prayer of the relator that he be declared the nominee for the office of prosecuting attorney. In *Dryden* v. *Swinburne,* 20 W. Va. 91, 137, it was contended that Swinburne, who received a plurality of the votes cast in an election, was ineligible to hold the office of Clerk of the Circuit Court of Kanawha County, and it was held that, " * * * in this country there is no question, but that when the candidate receiving the largest number of votes is ineligible for a cause unknown to the voters and which they were not bound to know, such as infancy, want of naturalization and the like, the election must be pronounced a failure and there must be another election."

This holding was reiterated in *State ex rel. Depue* v. *Mathews,* 44 W. Va. 372, 381, 29 S. E. 994. The record does not show that Thompson's alleged ineligibility was,

or could have been known by the voters. We do not think the board of canvassers had, or now has, the power to declare a vacancy.

For the reasons stated, the writ prayed for is refused.

*Writ refused.*