STATE *ex rel.* PIERRE DOSTERT

*v.*

MARY LYNN RIGGLEMAN, *Clerk, Circuit Court, Jefferson County, West Virginia, etc., et al.*

(No. 13197)

Submitted March 21, 1972.     Decided March 28, 1972.

Dissenting Opinion March 29, 1972.

*Jerome Radosh,* for relator.

*Kay, Casto & Chaney, Ralph C. Dusic, Jr., Nichols & Skinner, John C. Skinner, Jr.,* for respondent (Skinner).

HAYMOND, JUDGE:

In this original mandamus proceeding instituted in this Court March 13, 1972, the petitioner, Pierre Dostert, a member of the Democratic party and a legally qualified registered voter of that party in Jefferson County, West Virginia, seeks a writ to compel the defendants, Mary Lynn Riggleman, Clerk of the Circuit Court of Jefferson County, and as such ex officio Chairman of the Board of Ballot Commissioners of Jefferson County, and the Ballot Commissioners of Jefferson County, West Virginia, to strike and omit the name of the defendant, Robert R. Skinner, hereinafter sometimes referred to as the defendant, from the official ballot of the Democratic party to be voted on at the primary election to be held in that county on May 9, 1972.

Upon the petition this Court issued a rule returnable March 21, 1972 and at that time this proceeding was submitted for decision upon the petition, the answer of the defendant Robert R. Skinner, and the briefs and the oral arguments of the attorney for the petitioner and the attorneys for the defendant.

The petitioner is a duly licensed attorney admitted to practice law in the courts of record of this State, is a member of the West Virginia State Bar, and is also a candidate for the nomination for the office of prosecuting attorney of Jefferson County to represent the Democratic party at the foregoing primary election.

The defendant, Robert R. Skinner, is a member and a legally qualified registered voter of the Democratic party in Jefferson County and is a candidate for the nomination for the office of prosecuting attorney at the primary election but is not a duly licensed attorney admitted to practice law in the courts of record of this State and is not a member of the West Virginia State Bar. The defendant is, however, a member of the senior class of the College of Law of West Virginia University, is nineteenth in scholarship in a class of seventy-eight members, and, except for some unforeseen circumstance, will graduate on May 14, 1972 and become a duly licensed attorney and be admitted to practice law in the courts of this State before the commencement of the next four-year term of office of prosecuting attorney of Jefferson County on January 1, 1973, for which he seeks nomination at the foregoing primary election, and if nominated, will seek election at the general election in November, 1972. He has duly filed within the time provided by law a certificate declaring himself a candidate for the nomination for the office of prosecuting attorney in the form prescribed by Section 7, Article 5, Chapter 3, Code, 1931, as amended, in which he states that he is a candidate for that office to represent the Democratic party in the primary election; that he is a legally qualified voter and resident of that county; that he is eligible to hold such office; that he is a member of and affiliated with the Democratic party; and that he is a candidate for such office in good faith.

The petitioner seeks the writ on the ground that inasmuch as the defendant Robert R. Skinner is not a duly licensed attorney and is not eligible to hold the office of prosecuting attorney and can not be a candidate for the nomination for that office at the primary election.

Though Article IX, Section 1, of the Constitution of this State provides that "The voters of each county shall elect a surveyor of lands, a prosecuting attorney, a sheriff, and one and not more than two assessors, who shall hold their respective offices for the term of four years.", and though

Section 17, Article 1, Chapter 3, Code, 1931, as amended, directs that "There shall be elected, * * * at the general election to be held in the year nineteen hundred and sixty-four, and in every fourth year thereafter, a sheriff, prosecuting attorney, * * *", and though Section 1, Article 4, Chapter 7, Code, 1931, as amended, recites the extensive and varied duties of a prosecuting attorney, there is no provision in the Constitution or in any statute of this State which prescribes the qualifications or the requirements necessary for a person to be eligible to that office. *State ex rel. Summerfield v. Maxwell*, 148 W.Va. 535, 135 S.E.2d 741. Despite the absence of any constitutional or statutory qualifications or requirements for that office, this Court held in Point 3 of the syllabus in that case that: "A person who is not an attorney, duly licensed or authorized to practice law in the courts of this State, is ineligible to hold the office of prosecuting attorney."

It is now clearly established by the recent decisions of this Court, that mandamus lies to determine the eligibility of a candidate for an elective office and to require the board of ballot commissioners to strike or omit from a primary or general election ballot the name of a candidate who can not hold the office for which he seeks nomination and election.

The petitioner cites and relies upon the *Summerfield* case to support his prayer for the writ which he seeks. That case, however, is clearly distinguishable from and does not control the decision in the instant proceeding. In that case, Prowse, a candidate for the nomination for the office of prosecuting attorney at the primary election in May, 1964, was not a duly licensed attorney and did not seek and could not attain that status before the commencement of the term of office of prosecuting attorney of Fayette County after the primary and the general election in 1964, which term began January 1, 1965, or at any other time. Here, the defendant Skinner is a scholastically capable member of the senior class of the College of Law of West Virginia University and in

the absence of some unexpected circumstance will graduate and become a duly licensed attorney authorized to practice in the courts of this State before the general election in 1972 and before the commencement of the term of office of prosecuting attorney on January 1, 1973.

In determining the question as to when the conditions of eligibility to office must exist, whether at the time of the primary election, the time of the general election, the commencement of the term of office, or the induction into office, the language used in constitutional or statutory provisions relating to the qualifications necessary for the office must be given controlling effect. *Adams v. Londeree*, 139 W.Va. 748, 83 S.E.2d 127; *Slater v. Varney*, 136 W.Va. 406, 68 S.E.2d 757. The language of such provisions may expressly or by necessary implication specify the time when the eligibility must vest. Where such is the case, the candidate must possess the necessary qualifications at that time. If the Constitution or the statute specifies that the qualifications of a candidate must exist at the time of the election a candidate who does not possess such qualifications at that time is not eligible even though the disqualifications ceased to exist before the beginning of the term of office or later. If the Constitution or statutes do not specify the time when the conditions of eligibility must exist, it is necessary for the courts to have recourse to some other means of determining the time at which the qualifications must exist. As such provisions are necessarily variant it is not surprising that courts have reached different conclusions. 42 AM. JUR., *Public Officers*, Sections 39 and 40.

This Court in numerous cases has considered the question of eligibility of candidates to be nominated or elected to various offices and their eligibility to hold such offices and has determined when, with respect to a primary election or a general election or the commencement of the term of office, the eligibility of the candidate for such office must exist. Among those cases are *Gorrell v. Bier*, 15 W.Va. 311; *Dryden v. Swinburne*, 20 W.Va. 89; *Orndorff*

*v. Potter,* 125 W.Va. 785, 25 S.E.2d 911; *State ex rel. Morrison v. Freeland,* 139 W.Va. 327, 81 S.E.2d 685; *State ex rel. Brewer v. Wilson,* 151 W.Va. 113, 150 S.E.2d 592.

In the *Dryden* case this Court held that a candidate for the office of circuit clerk who was elected to that office but who, at the time of the election was not a citizen of this State and for that reason was not entitled to vote, could not be elected to that office. Under Article IV, Section 4, of the Constitution of this State, which provides that no person except citizens entitled to vote, shall be elected or appointed to any State, county or municipal office, the election of such person to the office of circuit clerk was a nullity. In the *Morrison* case involving the election of a city councilman under a city charter which provided that "No person shall be elected or remain a member of the city council who does not reside in the ward from which he is elected and who is not a freeholder of record in the city", this Court held that where a statute requires that a person to be elected to office shall have a specific qualification at the time of his election, the requirement is not satisfied by the removal of the disqualification after the election. In the *Orndorff* case this Court held, under a statute which provided that no more than two members of a county board of education shall be elected from the same magisterial district, that candidates for membership on the board who resided in the same magisterial district in which a member of the board was serving as such were ineligible for election as a member of the board. In the *Brewer* case this Court held that under the provisions of Section 4, Article 5, Chapter 3, Code, 1931, as amended, a candidate seeking nomination in a primary election for the office of commissioner of the county court must possess, at the time of the primary election, the residential qualification defined by the provisions of Article VIII, Section 23 of the Constitution of this State in order to be legally nominated in such primary election.

In *Slater v. Varney,* 136 W.Va. 406, 68 S.E.2d 757, the opinion used this language:

"Courts in several jurisdictions hold that the eligibility of a candidate for office, under a constitutional or statutory provision dealing with the qualification of public officers, relates to the time of the election and means capacity to be elected rather than capacity to hold office, that a candidate for a public office must be qualified at the time of the election, and that if he is not then qualified he can not hold the office even though between the time of his election and the commencement of the term of the office he has fulfilled all the conditions which, if existing at the time of the election, would have entitled him to hold it. *Finklea v. Farish,* 160 Ala. 230, 49 So. 366; *Davis v. Teague,* 220 Ala. 309, 125 So. 51; *Searcy v. Grow,* 15 Cal. 117; *Sheehan v. Scott,* 145 Cal. 684, 79 P. 350; *State ex rel. Taylor v. Sullivan,* 45 Minn. 309, 47 N.W. 802, 11 L. R. A. 272, 22 Am. St. Rep. 729; *State ex rel. Thayer v. Boyd,* 31 Neb. 682, 48 N.W. 739, 51 N.W. 602; *State ex rel. Broatch v. Moores,* 52 Neb. 770, 73 N.W. 299; *State ex rel. McKelvie v. Wait,* 95 Neb. 806, 146 N.W. 1048; *State ex rel. Nourse v. Clarke,* 3 Nev. 566; *People v. Purdy,* 154 N.Y. 439, 48 N.E. 821, 61 Am. St. Rep. 624; *State ex rel. Reynolds v. Howell,* 70 Wash. 467, 126 P. 954, 41 L. R. A. (N.S.) 1119.

"A majority of the courts in other jurisdictions, whose decisions appear to constitute the weight of judicial authority, hold that the eligibility of a candidate for office under constitutional and statutory provisions affects the right to hold an office instead of the right to be elected to the office and that, if his disqualification has been removed at the time of the commencement of the term or at the time of his induction into office, his disqualification at the time of the election is immaterial. *Neelley v. Farr,* 61 Colo. 485, 158 P. 458, Ann. Cas. 1918A, 23; *Bradfield v. Avery,* 16 Idaho 769, 102 P. 687, 23 L. R. A. (N.S.) 1228; *People v. Hamilton,* 24 Ill. App. 609; *Smith v. Moore,* 90 Ind. 294; *Vogel v. State,* 107 Ind. 374, 8 N.E. 164; *Brown v. Goben,* 122 Ind. 113, 23 N.E. 519; *Shuck v. State,* 136 Ind.

63, 35 N.E. 993; *Hoy v. State,* 168 Ind. 506, 81 N.E. 509, 11 Ann. Cas. 944; *Demaree v. Scates,* 50 Kan. 275, 32 P. 1123, 20 L. R. A. (N.S.) 97, 34 Am. St. Rep. 113; *Privett v. Bickford,* 26 Kan. 52, 40 Am. Rep. 301; *Kirkpatrick v. Brownfield,* 97 Ky. 558, 31 S.W. 137, 29 L. R. A. 703, 53 Am. St. Rep. 422; *Jones v. Williams,* 153 Ky. 822, 156 S. W. 876; *State ex inf. Major, ex rel. Ryors v. Breuer,* 235 Mo. 240, 138 S.W. 515; *In re Kilburn,* 157 Misc. 761, 284 N.Y. Supp. 748; *State ex rel. West v. Breckinridge,* 34 Okla. 649, 126 P. 806; *Mosby v. Armstrong,* 290 Pa. 517, 139 A. 151; *State ex rel. Perkins v. Edwards,* 99 Vt. 1, 130 A. 276; *State ex rel. Schuet v. Murray,* 28 Wis. 96, 9 Am. Rep. 489; *State ex rel. Off v. Smith,* 14 Wis. 497. See also 88 A.L.R., Annotations, 812, 143 A.L.R., Annotations, 1026."

In *State ex rel. Clayton v. Neal,* 122 W.Va. 501, 11 S.E. 2d 109, this Court held that a board of canvassers does not have jurisdiction to pass upon questions of the legality of a certificate of announcement of a candidate voted for in a primary election or of questions affecting eligibility of a candidate to hold the office he seeks, and refused the writ of mandamus. In the opinion this Court said that the question of the eligibility of a candidate, nominated at a primary election for the office of prosecuting attorney who at the time of the primary was not a duly licensed attorney admitted to practice in the courts of this State but who at the time of the election was a duly licensed attorney to perform the duties of the office he sought must be "determined as of the date when he would enter upon the duties of his office, if elected, to-wit, the 1st day of January, 1941."

In the *Varney* case, commenting upon the foregoing statement in the *Clayton* case, this Court said that it is in accord with and is supported by cases in other jurisdictions which apparently constitute the weight of judicial authority and "expresses the sound and correct principle of law to be applied in determining the eligibility of a candidate to hold the office to which he claims to have been elected. Application of this rule in this jurisdiction

means that a candidate who is ineligible or disqualified to hold the office at the time of the election, in order to occupy it, must remove his disqualification at or before the commencement of the term of office to which he was elected according to the election returns."

Though the defendant Robert R. Skinner at the time he filed his certificate of candidacy for nomination for the office of prosecuting attorney in the primary election on May 9, 1972 was and now is ineligible to hold the office of prosecuting attorney, if he removes his present disqualification and becomes eligible for that office, as under the undisputed facts may reasonably be expected before the general election in November or before the commencement of the next term of that office on January 1, 1973, and is elected to that office at the general election in November, 1972, he will be eligible to hold that office, and he is entitled to be a candidate for the nomination for that office to be voted for at the primary election on May 9, 1972. Of course, if he is elected but does not remove his ineligibility before the commencement of the term of office, he can be prevented from occupying the office or be removed from it by appropriate legal proceedings.

A candidate for the office of prosecuting attorney, who is a legally qualified voter of the political party which conducts a primary election, is a member of and affiliated with such political party, is a candidate in good faith to represent such party and has paid the prescribed filing fee and who, at the time of the primary election, is not a duly licensed attorney and for that reason is ineligible to hold that office, but can remove his ineligibility before the next general election or the commencement of the next term of that office, may be nominated as a candidate for such office at such primary election.

This Court has held repeatedly that he who seeks relief by mandamus must show a clear legal right to the remedy. This requirement has not been complied with by the petitioner and he is not entitled to the relief for which he prays. *State ex rel. Nelson v. Ritchie*, 154 W.Va. 644,

177 S.E.2d 791, and the many cases cited in the opinion in that case.

The writ of mandamus as prayed for is denied.

*Writ denied.*

CARRIGAN, JUDGE, dissenting:

I am compelled to dissent from the majority.

It is not disputed that the defendant, Skinner, was not eligible to hold the office of Prosecuting Attorney when he filed his certificate announcing his candidacy, nor was he eligible to hold this office at the date this case was decided.

Section 8, Article IV of the Constitution of West Virginia, reads as follows:

"The *legislature,* in cases not provided for in this Constitution, *shall prescribe, by general laws,* the terms of office, powers, duties and compensation of all public officers and agents, and the *manner in which they shall be elected,* appointed and removed." (Emphasis added.)

Based upon this provision, I feel that the legislature is authorized to regulate both *primary* and general elections.

Chapter 3, Code of West Virginia, 1931, as amended, is entitled "Elections," and a reading of Sections 1 and 2 of Article 1 of this chapter leaves no doubt in my mind that the legislature intended certain provisions of this chapter to apply to *primary elections* as well as general elections.

Article 5 of the above-mentioned Chapter 3 makes provision for primary elections and nominating procedure.

Section 7, Article 5, Chapter 3, Code of West Virginia, 1931, as amended, contains the statutory requirements for announcing candidacy for nomination. The very first sentence of this section reads in part: "Any person who *is eligible* to hold an office . . . ." (Emphasis added.) This section also provides the statutory form of certificate to be filed by a person seeking nomination and also requires the

candidate to certify before some officer qualified to administer oaths that "I *am eligible* to hold the said office . . . ." (Emphasis added.)

The language of Section 7, Article 5, Chapter 3, Code of West Virginia, 1931, as amended, which requires a person who *"is"* eligible to "certify" in his certificate of announcement that "I *am* eligible to hold the said office . . ." is so clear and unambiguous that it does not require any judicial interpretation or construction. Both the verbs "is" and "am" used in this statute are in the present tense and I feel must, and should, apply to the time when the candidate files a certificate of nomination.

It is axiomatic that when a statute is clear and unambiguous the statute should not be interpreted by the courts. See *State of West Virginia v. General Daniel Morgan Post No. 548 V.F.W.*, 144 W.Va. 137, 107 S.E.2d 353 (1959), in which this Court held in Syllabus Points 4 and 5, as follows:

"Generally the words of a statute are to be given their ordinary and familiar significance and meaning, and regard is to be had for their general and proper use."

"When a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute."

The language of Section 7, Article 5, Chapter 3, Code of West Virginia, 1931, as amended, does not say the candidate may become eligible, or probably or possibly will be eligible at some later date, but in clear language requires such eligibility to exist at the date of his announcement of candidacy. The candidate must also "certify" that he is eligible. BLACK'S LAW DICTIONARY (Third Edition) defines the word, certify: "To testify in writing; to make known or establish as a fact." Can a candidate make known as a fact when he announces for an office that he is eligible when it clearly appears that he only has the opportunity or possibility of qualifying for such

office at a later date, and that such opportunity or possibility may or may not happen? To permit ineligible persons to announce as candidates on the possibility or even probability of later removing such ineligibility violates the clear and unambiguous language of the above-cited statute.

In my opinion, the majority opinion will effectively nullify any statute which imposes requirements for nomination for office, such as age, residency in a county or magisterial district, or party affiliation, since these ineligibilities could also be removed by the passage of time, or by moving to the proper location, or change of party affiliation after the primary.

For the foregoing reasons, I would have granted the writ of mandamus prayed for.